Israel Klein, Esq.
Brittany Weiner, Esq.
IMBESI LAW P.C.
450 Seventh Avenue, Suite 1408
New York, New York 10123
Tel. (646) 767-2265
Fax. (212) 658-9177
Israel@lawicm.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
ABRAM MULADZHANOV, individually, and on
behalf of all others similarly situated,

                              Plaintiff,

                          v.

THE CITY OF NEW YORK, COMMISSIONER
POLLY TROTTENBERG, COMMISSIONER
JACQUES JIHA and DEPUTY COMMISSIONER
JEFFREY SHEAR,

                              Defendants.
----------------------------------------------------------------X

Case No.:

**CLASS ACTION**
**COMPLAINT**

       Plaintiff Abram Muladzhanov ("Mr. Muladzhanov" or "Plaintiff"), by and through his

attorneys, Imbesi Law P.C., brings this putative class action on behalf of himself and all other

similarly situated persons (collectively, "Class") against Defendants the City of New York

("NYC"), Commissioner Polly Trottenberg ("Commissioner Trottenberg"), Commissioner

Jacques Jiha ("Commissioner Jiha") and Deputy Commissioner Jeffrey Shear ("Deputy

Commissioner Shear") (collectively, "Defendants"), and alleges, with personal knowledge as to

his own actions and upon information and belief as to those of others, as follows:

**NATURE OF THE ACTION**

       1.     Plaintiff brings this putative class action against Defendants seeking damages

sustained as a direct and proximate result of Defendants' violations of 42 U.S.C. § 1983, the

Fourteenth Amendment of the United States Constitution, Article 1, Section 6, of the New York State Constitution, fraudulent concealment and/or inducement, negligent misrepresentation and unjust enrichment in connection with Defendants' practice of routinely issuing and collecting fines for patently invalid and legally insufficient Notices of Liability alleging violations of Title VII, Article 30, Section 1180-b, of the Vehicle and Traffic Law of the State of New York ("NYVTL Section 1180-b" or "Speed Camera Violation"). Plaintiff and putative Class members have been, and continue to be, injured by Defendants' actions.

2.      Plaintiff is one (1) of thousands of individuals who were issued and paid for patently invalid and legally insufficient Notices of Liability alleging Speed Camera Violations.

3.      Defendants have known, or should have known, that NYVTL Sections 1180-b(d) and 1180-b(g)(2) require all issued Notices of Liability for alleged Speed Camera Violations to contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York. Nevertheless, Defendants continue to issue patently invalid Notices of Liability for alleged Speed Camera Violations without a certificate charging liability, signed to or affirmed by a technician employed by the City of New York.

4.      Defendants have known, or should have known, that, pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2), Notices of Liability for alleged Speed Camera Violations do not constitute *prima facie* evidence of the alleged violations unless they contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York. Nevertheless, Defendants continue to issue legally insufficient Notices of Liability for alleged Speed Camera Violations without a certificate charging liability, signed to or affirmed by a technician employed by the City of New York.

5.      With notice and knowledge of their material misrepresentation and/or omissions, Defendants failed to notify Plaintiff and Class members that their Notices of Liability for alleged

2

Speed Camera Violations were patently invalid and legally insufficient.

6.      With notice and knowledge of their material misrepresentations and/or omissions, Defendants failed to, *sua sponte*, dismiss Plaintiff's and Class members' patently invalid and legally insufficient Notices of Liability for alleged Speed Camera Violations.

7.      Without correcting their material misrepresentations and/or omissions, Defendants accepted payment from Plaintiff and Class members for Notices of Liability alleging Speed Camera Violations that were patently invalid and legally insufficient.

8.      Without correcting their material misrepresentations and/or omissions, Defendants caused Plaintiff and Class members to incur associated fees for Notices of Liability alleging Speed Camera Violations that were patently invalid and legally insufficient.

9.      With notice and knowledge of their material misrepresentations and/or omissions, Defendants failed to offer Plaintiff and Class members full refunds, plus interest, of the fines and associated fees paid for patently invalid and legally insufficient Notices of Liability alleging Speed Camera Violations.

10.      Plaintiff and Class members reasonably relied upon Defendants' misrepresentations and/or omissions. As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiff and Class members have sustained economic injury by paying fines and associated fees for patently invalid and legally insufficient Notices of Liability alleging Speed Camera Violations.

11.      Plaintiff seeks damages and equitable remedies under statutory and common law claims for himself and members of the putative Class, of which Plaintiff is a member. Identified definitively below, the putative Class includes individuals who from August 30, 2013, to the present received a Notice of Liability for allegedly violating NYVTL Section 1180-b that did not contain a certificate charging liability, signed to or affirmed by a technician employed by the

City of New York, and paid a fine and/or associated fee that was not fully refunded by Defendants with interest.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff seeks redress for the deprivation of his rights in violation of the Constitution and laws of the United States.

13.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so closely related to the federal claims that they form part of the same case or controversy.

14.     Plaintiff's claims for declaratory and injunctive relief are authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because (i) a substantial amount of the acts and transactions giving rise to this action occurred in this District; (ii) Defendants are authorized to operate and exercise governmental authority in this District and have intentionally availed themselves of the laws within this District and (iii) Defendants currently operate and exercise governmental authority in this District.

16.     On January 9, 2018, prior to commencing the within action, Plaintiff, individually and on behalf of all others similarly situated, timely served a Verified Notice of Claim on Defendant NYC. More than thirty (30) days have elapsed since Plaintiff timely served a Verified Notice of Claim on Defendant NYC.

## PARTIES

17.     Plaintiff is a citizen of the State of New York and a resident of Queens County. Plaintiff holds a valid New York State driver's license and is authorized to and does operate a motor vehicle in this District and throughout the State of New York.

4

18.     Defendant NYC is a municipal corporation duly organized and existing under the laws of the State of New York, exercising governmental authority. Defendant NYC is a person for purposes of 42 U.S.C. § 1983. At all times relevant to this action, Defendant NYC exercised governmental authority in this District.

19.     Defendant Commissioner Trottenberg is, and at all relevant times was, the commissioner of the New York City Department of Transportation ("DOT"). The DOT is a local government agency, bureau, department and/or subdivision of Defendant NYC, exercising governmental authority. The DOT and Defendant Commissioner Trottenberg are responsible for much of Defendant NYC's transportation infrastructure.

20.     Defendant Commissioner Jiha is, and at all relevant times was, the commissioner of the New York City Department of Finance ("DOF"). The DOF is a local government agency, bureau, department and/or subdivision of Defendant NYC, exercising governmental authority. The DOF is the revenue service, taxation agency and recorder of deeds of Defendant NYC.

21.     Defendant Deputy Commissioner Shear is, and at all relevant times was, the deputy commissioner of treasury and payment services for the DOF.

## STATEMENT OF FACTS

### I.   Defendants' Automated Speed Enforcement Program

22.     On August 30, 2013, Defendants adopted an automated speed enforcement program to police vehicular speeding in twenty (20) school zones throughout New York City. In June of 2014, Defendants expanded the program to encompass one-hundred and forty (140) school zones.[1]

23.     Pursuant to NYVTL Section 1180-b, Defendants utilize one-hundred (100) fixed

---

[1] New York City DOT, *Automated Speed Enforcement Program Report 2014-2016,* available at http://www.nyc.gov/html/dot/downloads/pdf/speed-camera-report-june2017.pdf (last visited February 7, 2018).

photo speed violation monitoring systems ("Speed Cameras") and forty (40) mobile Speed Cameras to enforce New York City's twenty-five (25) miles per hour speed limit in each respective school zone. The forty (40) mobile Speed Cameras are repositioned frequently throughout New York City and have been placed at over eight-hundred-and-seventy-five (875) school zones.[2]

24.    The Speed Cameras use radar and laser technology to measure the speed of a passing vehicle. If a Speed Camera detects a vehicle as exceeding the speed limit by more than ten (10) miles per hour during school hours, the Speed Camera captures images of the vehicle and its license plate and records the vehicle's speed.

25.    Images and recorded speeds of offending vehicles are reviewed for accuracy by a New York City Department of Transportation ("DOT") technician. If a DOT technician verifies that a Speed Camera Violation occurred, the DOT issues and mails a Notice of Liability to the registered owner of the vehicle.

26.    Pursuant to NYVTL Section 1180-b(g)(2), the Notice of Liability must contain "the certificate charging liability."

27.    Pursuant to NYVTL Section 1180-b(d), the certificate charging liability, sworn to or affirmed by a technician employed by the City of New York, "shall be prima facie evidence of the facts contained therein."

**II.  Defendants' Enforcement of Speed Camera Violations**

28.    A Speed Camera Violation subjects a driver to a civil penalty of fifty dollars ($50).

29.    The DOF and Defendants Commissioner Jiha and Deputy Commissioner Shear are responsible for adjudicating all Speed Camera Violations and collecting and processing

---

[2] *Id.*

payment of all fines.

30.     The recipient of a Notice of Liability for an alleged Speed Camera Violation may plead guilty to the alleged violation and pay the prescribed fine to the DOF by mail, through the DOF's website, in person at a finance business center or 7-Eleven store or through the "New York City Parking Ticket Pay or Dispute" mobile app.[3] Individuals electing to pay the prescribed fine with a credit or debit card are charged a 2.49% processing fee.[4] Individuals electing to pay the prescribed fine in person at a 7-Eleven store are charged a $2.99 convenience fee.[5] Individuals electing to pay the prescribed fine by mail must affix postage.

31.     The recipient of a Notice of Liability for an alleged Speed Camera Violation may plead not guilty to the alleged violation and request a hearing in person, by mail or through the DOF's website. The Notice of Liability is then adjudicated by an administrative law judge within the DOF's Parking Violations Bureau ("PVB"). If found guilty, an individual can appeal the administrative law judge's decision to the PVB's appeals unit.

32.     Between 2014 and 2016, Defendants issued approximately 2,861,909 Notices of Liability for alleged Speed Camera Violations and collected approximately $122,674,189 in fines.[6]

---

[3] City of New York, *Speed Camera Violations*, available at http://www1.nyc.gov/nyc-resources/service/3582/speed-camera-violations (last visited February 7, 2018).
[4] City of New York, *Pay a Parking Ticket*, available at http://www1.nyc.gov/nyc-resources/service/2195/pay-a-parking-ticket (last visited February 7, 2018).
[5] *Id*.
[6] New York City DOT, *Automated Speed Enforcement Program Report 2014-2016,* available at http://www.nyc.gov/html/dot/downloads/pdf/speed-camera-report-june2017.pdf (last visited February 7, 2018).

**SPEED CAMERA PROGRAM SUMMARY**
**(CALENDAR YEAR 2014-2016)**

| | |
|---|---|
| OPERATING COSTS | $ 42,981,898 |
| CAPITAL COSTS | $ 26,478,548 |
| **TOTAL COSTS** | **$ 69,460,446** |
| SPEED CAM REVENUE | **$ 122,674,189** |
| NET REVENUE | $ 53,213,743 |

### III. Defendants Unlawfully Issue and Collect Fines for Patently Invalid and Legally Insufficient Speed Camera Violations

33.     On or about November 29, 2017, the DOT issued Plaintiff a Notice of Liability for allegedly violating NYVTL Section 1180-b. The Notice of Liability alleged that on November 27, 2017, on 164th Street and 71st Avenue in Fresh Meadows, New York, a Speed Camera captured Plaintiff's vehicle traveling thirty-six (36) miles per hour in a twenty-five (25) miles per hour school speed zone.

34.     The Notice of Liability did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

35.     In or about January of 2018, Plaintiff paid the fifty dollar ($50) fine for his alleged Speed Camera Violation. Plaintiff incurred a forty-nine cent ($0.49) postage fee for remitting payment to the DOF by mail.

36.     In or about February of 2018, Plaintiff paid a twenty-five dollar ($25) late fee for failing to pay his fine within thirty (30) days. Plaintiff incurred a 2.49% processing fee for

remitting payment to the DOF with a credit card through the "New York City Parking Ticket Pay or Dispute" mobile app.

PVO Ticket Details

| Back to NYCServ • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • *The Official New York City Web Site* |

## Check Parking / Camera Violation Status| **Details**

**Vehicle Details**

| | | | |
|---|---|---|---|
| Plate: | ▉ | Type: | Passenger |
| State: | New York | Make: | TOYOT |

**Violation Details as of Saturday, Jan 6, 2018 07:36 PM**

| | | | | |
|---|---|---|---|---|
| Violation #: | ▉ | Fine: | $ | 50.00 |
| Issued On: | 11/27/17 03:12 PM | Penalty: | +$ | 25.00 |
| Notice of Liability Date: | 11/29/2017 | Interest: | +$ | 0.00 |
| Description: | PHTO SCHOOL ZN SPEED VIOLATION | Reduction: | - $ | 0.00 |
| Code: | 36 | Paid: | - $ | 0.00 |
| Location: | NB 164TH ST @ 71ST A QN | | | |
| | | Balance: | $ | 75.00 |

37.    On or about December 11, 2017, the DOT issued Plaintiff a Notice of Liability for allegedly violating NYVTL Section 1180-b. The Notice of Liability alleged that on December 7, 2017, on Main Street and Queens Boulevard in Queens, New York, a Speed Camera captured Plaintiff's vehicle traveling thirty-six (36) miles per hour in a twenty-five (25) miles per hour school speed zone.

38.    The Notice of Liability did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

39.    On or about January 2, 2018, Plaintiff paid the fifty dollar ($50) fine for his alleged Speed Camera Violation. Plaintiff incurred a forty-nine cent ($0.49) postage fee for remitting payment to the DOF by mail.

PVO Ticket Details

## Check Parking / Camera Violation Status | **Details**

**Vehicle Details**

| | | | |
|---|---|---|---|
| **Plate:** | ▇▇▇▇ | **Type:** | Passenger |
| **State:** | New York | **Make:** | TOYOT |

**Violation Details as of Saturday, Jan 6, 2018 07:38 PM**

| | | | | |
|---|---|---|---|---|
| **Violation #:** | ▇▇▇▇ | **Fine:** | $ | 50.00 |
| **Issued On:** | 12/07/17 08:20 AM | **Penalty:** | +$ | 0.00 |
| **Notice of Liability Date:** | 12/11/2017 | **Interest:** | +$ | 0.00 |
| **Description:** | PHTO SCHOOL ZN SPEED VIOLATION | **Reduction:** | - $ | 0.00 |
| **Code:** | 36 | **Paid:** | - $ | 0.00 |
| **Location:** | SB MAIN ST 82 DR - Q<br>QN | **Balance:** | $ | 50.00 |



**IV. Plaintiff and Class Members are Entitled to Full Refunds of the Civil Penalties and Associated Fees Incurred for Patently Invalid Speed Camera Violations**

40.     At all relevant times, Defendants were aware that the DOT routinely issued patently invalid Notices of Liability for alleged Speed Camera Violations that did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

41.     Defendants failed to instruct the DOT to stop issuing patently invalid Notices of Liability for alleged Speed Camera Violations. Rather, Defendants allowed the DOT to continue issuing patently invalid Notices of Liability for alleged Speed Camera Violations.

42.     At all relevant times, Defendants were aware that Plaintiff's and Class members' Notices of Liability for alleged Speed Camera Violations were patently invalid as they did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

43.     Defendants failed to notify Plaintiff and Class members that their Notices of Liability for alleged Speed Camera Violations were patently invalid as they did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

44.     Defendants failed to dismiss Plaintiff's and Class members' patently invalid Notices of Liability for alleged Speed Camera Violations, *sua sponte*, for failing to contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

45.     Defendants accepted Plaintiff's and Class members' payments for alleged Speed Camera Violations knowing that the issued Notices of Liability were patently invalid as they did not contain a certificate charging liability, signed to or affirmed by a technician employed by the

11

City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

46.     Defendants caused Plaintiff and Class members to incur associated fees for alleged Speed Camera Violations knowing that the issued Notices of Liability were patently invalid as they did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

47.     Defendants failed to issue Plaintiff and Class members full refunds of the underlying statutory fines and applicable late fees paid for the patently invalid Notices of Liability alleging Speed Camera Violations.

48.     Defendants failed to issue Plaintiff and Class members full refunds of the associated fees paid for the patently invalid Notices of Liability alleging Speed Camera Violations, including but not limited to the 2.49% processing fee for remitting payment using a credit or debit card, the $2.99 convenience fee for remitting payment in person at a 7-Eleven store or the cost of postage for remitting payment by mail.

49.     Defendants failed to pay Plaintiff and Class members interest for unlawfully depriving them of all money paid for these civil penalties and associated fees.

50.     At the time Plaintiff and Class members paid the fines and associated fees for their alleged Speed Camera Violations, Defendants represented that the issued Notices of Liability were patently valid and were not required to contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York.

51.     Plaintiff and Class members paid the fines and associated fees for their alleged Speed Camera Violations out of fear of incurring late fees and/or other penalties for failing to remit payment for their alleged violations.

52.     To the extent Plaintiff and Class members pleaded guilty to their alleged Speed

Camera Violations, Plaintiff and Class members would not have done so but for Defendants'
misrepresentations and/or omissions.

53.     Defendants engaged in the above-described actionable statements and/or
omissions and/or concealments with knowledge that the representations were false and/or
misleading, and with the intent that Plaintiff and Class members rely upon such concealments,
suppressions and omissions. Alternatively, Defendants were reckless in not knowing that these
representations were false and misleading at the time they were made.

54.     Plaintiff and Class members reasonably relied upon Defendants'
misrepresentations and/or omissions. As a direct and proximate result of Defendants' deceptive
acts and practices, Plaintiff and Class members have sustained economic injury by paying fines
and associated fees for patently invalid Notices of Liability alleging Speed Camera Violations.

55.     Plaintiff and Class members are entitled to full refunds, plus interest, of the civil
penalties and associated fees paid for patently invalid Notices of Liability even in the event that
they violated NYVTL Section 1180-b. At the time of payment, Defendants failed to provide
Plaintiff and Class members with adequate notice of their alleged Speed Camera Violations.
Defendants failed to provide Plaintiff and Class members with a Notice of Liability containing a
certificate charging liability, signed to or affirmed by a technician employed by the City of New
York, as required pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2).

56.     Defendants' collection of civil penalties without providing Plaintiff and Class
members with adequate notice of their alleged Speed Camera Violations, pursuant to NYVTL
Sections 1180-b(d) and 1180-b(g)(2), deprived them of their property without due process, as
guaranteed under the Constitution and laws of the United States and State of New York. Plaintiff
and Class members were further deprived of due process when they incurred additional fees
associated with the patently invalid Notices of Liability.

**V.  Plaintiff and Class Members are Entitled to Full Refunds of the Civil Penalties and Associated Fees Incurred for Legally Insufficient Speed Camera Violations**

57.    At all relevant times, Defendants were aware that the DOT routinely issued legally insufficient Notices of Liability that did not constitute *prima facie* evidence of the alleged Speed Camera Violations as they did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

58.    Defendants failed to instruct the DOT to stop issuing legally insufficient Notices of Liability for alleged Speed Camera Violations. Rather, Defendants allowed the DOT to continue issuing legally insufficient Notices of Liability for alleged Speed Camera Violations.

59.    At all relevant times, Defendants were aware that Plaintiff's and Class members' legally insufficient Notices of Liability did not constitute *prima facie* evidence of the alleged Speed Camera Violations as they did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

60.    Defendants failed to notify Plaintiff and Class members that their legally insufficient Notices of Liability did not constitute *prima facie* evidence of the alleged Speed Camera Violations as they did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

61.    Defendants failed to dismiss Plaintiff's and Class members' legally insufficient Notices of Liability, *sua sponte*, for failing to establish *prima facie* evidence of the alleged Speed Camera Violations.

62.    Defendants failed to dismiss Plaintiff's and Class members' legally insufficient

Notices of Liability, *sua sponte*, for failing to meet their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged Speed Camera Violations.

63.     Defendants accepted Plaintiff's and Class members' payments for alleged Speed Camera Violations knowing that the legally insufficient Notices of Liability did not constitute *prima facie* evidence of the alleged violations as they did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

64.     Defendants accepted Plaintiff's and Class members' payments for alleged Speed Camera Violations knowing that they failed to meet their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

65.     Defendants caused Plaintiff and Class members to incur associated fees for alleged Speed Camera Violations knowing that the legally insufficient Notices of Liability did not constitute *prima facie* evidence of the alleged violations as they did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

66.     Defendants caused Plaintiff and Class members to incur associated fees for alleged Speed Camera Violations knowing that they failed to meet their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

67.     Defendants failed to issue Plaintiff and Class members full refunds of the underlying statutory fines and applicable late fees paid for the legally insufficient Notices of Liability alleging Speed Camera Violations.

68.     Defendants failed to issue Plaintiff and Class members full refunds of the associated fees paid for the legally insufficient Notices of Liability alleging Speed Camera Violations, including but not limited to the 2.49% processing fee for remitting payment using a

credit or debit card, the $2.99 convenience fee for remitting payment in person at a 7-Eleven store or the cost of postage for remitting payment by mail.

69.      Defendants failed to pay Plaintiff and Class members interest for unlawfully depriving them of all money paid for these civil penalties and associated fees.

70.      At the time Plaintiff and Class members paid the fines and associated fees for their alleged Speed Camera Violations, Defendants represented that the issued Notices of Liability were legally sufficient and constituted *prima facie* evidence of the alleged violations without a certificate charging liability, signed to or affirmed by a technician employed by the City of New York.

71.      At the time Plaintiff and Class members paid the fines and associated fees for their alleged Speed Camera Violations, Defendants represented that the issued Notices of Liability were legally sufficient and that Defendants satisfied their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

72.      Plaintiff and Class members paid the fines and associated fees for their alleged Speed Camera Violations out of fear of incurring late fees and/or other penalties for failing to remit payment for their alleged violations.

73.      To the extent Plaintiff and Class members pleaded guilty to their alleged Speed Camera Violations, Plaintiff and Class members would not have done so but for Defendants' misrepresentations and/or omissions.

74.      Defendants engaged in the above-described actionable statements and/or omissions and/or concealments with knowledge that the representations were false and/or misleading, and with the intent that Plaintiff and Class members rely upon such concealments, suppressions and omissions. Alternatively, Defendants were reckless in not knowing that these representations were false and misleading at the time they were made.

16

75.     Plaintiff and Class members reasonably relied upon Defendants' misrepresentations and/or omissions. As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiff and Class members have sustained economic injury by paying fines and associated fees for legally insufficient Notices of Liability alleging Speed Camera Violations.

76.     Plaintiff and Class members are entitled to full refunds, plus interest, of the civil penalties and associated fees paid for legally insufficient Notices of Liability even in the event that they violated NYVTL Section 1180-b. At the time of payment, Defendants failed to meet their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged Speed Camera Violations. Defendants failed to provide Plaintiff and Class members with a Notice of Liability containing a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, as required to establish *prima facie* evidence of the alleged Speed Camera Violations pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2). To the extent Plaintiff and Class members pleaded guilty to the alleged Speed Camera Violations, Plaintiff and Class members would not have done so but for Defendants' misrepresentations and/or omissions.

77.     Defendants' collection of civil penalties without establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged Speed Camera Violations, pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2), deprived them of their property without due process, as guaranteed under the Constitution and laws of the United States and State of New York. Plaintiff and Class members were further deprived of due process when they incurred additional fees associated with the legally insufficient Notices of Liability. To the extent Plaintiff and Class members pleaded guilty to the alleged Speed Camera Violations, Plaintiff and Class members would not have done so but for Defendants' misrepresentations and/or omissions.

17

## VI. **Punitive Damages are Necessary to Curtail Defendants' Repeated Pattern of Deceptive Practices**

78.     Defendants have repeatedly engaged in a similar pattern of deceptive practices.

79.     From April 20, 2017, until approximately September of 2017, Defendants issued and collected fines for alleged Muni Meter violations that did not exist. Defendants issued and collected fines for alleged violations of Title 34, Chapter 4, Section 4-08(h)(10), of the Rules of the City of New York with full knowledge that Section 4-08(h)(10) was previously repealed.

80.     On or about November 2, 2017, following the filing of a class action complaint,[7] the DOF partially refunded or dismissed approximately 507,668 invalid Muni Meter tickets, totaling approximately $26 million.[8]

81.     Commenting on the refund, New York City Comptroller Scott Stringer acknowledged that "the mistake is unacceptable and [] the Department of Finance has to get its act together."[9]

82.     According to Defendant Deputy Commissioner Shear, the approximate $26 million refund was the third time in 2017 that the DOF issued big ticket refunds.[10]

83.     Similarly, in or about May of 2016, the New York City Police Department admitted to issuing invalid tickets for parking in front of mid-block curb-cuts (graded ramps that slope from the sidewalk to the road) even though it had been legal since 2009.[11]

84.     In or about May of 2016, Defendants promised to refund approximately $4

---

[7] *Jacob Stern* v. *City of New York*, 1:17-cv-04973 (E.D.N.Y. 2017).
[8] CBS New York, *1010 WINS Exclusive: Parking Ticket Blunder Costs NYC $26 Million* (Nov. 13, 2017), available at http://newyork.cbslocal.com/2017/11/13/violation-code-parking-tickets-dismissed/ (last visited February 7, 2018).
[9] FOX 5, *Parking Ticket Goof Forces NYC to Refund Millions* (Nov. 14, 2017), available at http://www.fox5ny.com/news/nyc-parking-ticket-refund (last visited February 7, 2018).
[10] CBS New York, *1010 WINS Exclusive: Parking Ticket Blunder Costs NYC $26 Million* (Nov. 13, 2017), available at http://newyork.cbslocal.com/2017/11/13/violation-code-parking-tickets-dismissed/ (last visited February 7, 2018).
[11] New York Post, *City Fails on Promise to Refund $4M in Parking Tickets* (April 18, 2017), available at https://nypost.com/2017/04/18/city-fails-on-promise-to-refund-4m-in-parking-tickets/ (last visited February 7, 2018).

million for the invalid curb-cut tickets.[12] However, as of May 2017, Defendants only issued two (2) refunds totaling $360.[13]

## CLASS ALLEGATIONS

85. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

86. Plaintiff brings this action on behalf of himself and on behalf of the following Classes pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and/or 23(b)(3):

> **National Class:** All persons in the United States who from August 30, 2013, to the present received a Notice of Liability for allegedly violating NYVTL Section 1180-b that did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, and paid a fine and/or associated fee that was not fully refunded by Defendants with interest.

> **New York Subclass:** All persons in New York who from August 30, 2013, to the present received a Notice of Liability for allegedly violating NYVTL Section 1180-b that did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, and paid a fine and/or associated fee that was not fully refunded by Defendants with interest.

87. Excluded from the Class are Defendants, their governing agencies, subsidiaries, affiliates, employees, officers and directors; any co-conspirators; federal governmental entities and instrumentalities of the federal government; states and their subdivisions, agencies and instrumentalities; any judicial officer presiding over this matter and the members of their immediate families and judicial staff; and Class counsel.

88. Plaintiff reserves the right to amend or modify the Class definitions in connection with a motion for Class certification or as warranted by discovery.

89. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria set forth in Federal Rule of Civil Procedure 23.

90. Plaintiff does not know the exact size of the proposed Class; however, Plaintiff

---

[12] *Id.*
[13] *Id.*

believes that the Class encompasses thousands of individuals who are dispersed throughout the United States and the State of New York. Therefore, the proposed Class is so numerous that joinder of all members is impracticable.

91.     The identity and address of each Class member can be readily ascertained through mass advertisement and should be in the possession of Defendants as they maintain traffic ticket records and mailed the patently invalid and legally insufficient Notices of Liability to Plaintiff and the proposed Class. Class members may be notified of the pendency of this action by mail and/or electronic mail and/or other electronic and social media means.

92.     There are questions of law and fact that are common to the Class and predominate over any questions affecting only individual members of the Class. The damages sustained by Plaintiff and Class members arise from the common nucleus of operative facts surrounding Defendants' misconduct. The common questions include, but are not limited to:

   a.   whether NYVYL Sections 1180-b(d) and 1180-b(g)(2) require all issued Notices of Liability for alleged Speed Camera Violations to contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York;

   b.   whether, pursuant to NYVYL Sections 1180-b(d) and 1180-b(g)(2), Notices of Liability for alleged Speed Camera Violations do not constitute *prima facie* evidence of the alleged violations unless they contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York;

   c.   whether Defendants routinely issued and collected fines for patently invalid Notices of Liability alleging Speed Camera Violations that did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York;

   d.   whether Defendants routinely issued and collected fines for legally insufficient Notices of Liability alleging Speed Camera Violations that did not constitute *prima facie* evidence of the alleged violations;

   e.   whether Defendants routinely issued and collected fines for legally insufficient Notices of Liability for alleging Speed Camera Violations without satisfying their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations;

   f.   whether Defendants represented that Plaintiff's and Class members' Notices of

Liability for alleged Speed Camera Violations were patently valid and were not required to contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York;

g.  whether Defendants represented that Plaintiff's and Class members' Notices of Liability for alleged Speed Camera Violations were legally sufficient and constituted *prima facie* evidence of the alleged violations without a certificate charging liability, signed to or affirmed by a technician employed by the City of New York;

h.  whether Defendants represented that Plaintiff's and Class members' Notices of Liability for alleged Speed Camera Violations were legally sufficient and that Defendants satisfied their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations;

i.  whether Defendants engaged in these misrepresentations and/or omissions and/or concealments with knowledge that the representations were false and/or misleading, and with the intent that Plaintiff and Class members rely upon such concealments, suppressions and omissions;

j.  whether Defendants should have known that these representations and/or omissions and/or concealments were false and/or misleading or whether Defendants made them without knowledge of their truth or veracity.

k.  whether Defendants deprived Plaintiff and Class members of their property without due process by failing to provide them with adequate notice of their alleged Speed Camera violations pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2).

l.  whether Defendants deprived Plaintiff and Class members of their property without due process by failing to establish their *prima facie* guilt as to the alleged Speed Camera Violations.

m.  whether Defendants' conduct constitutes a violation of 42 U.S.C. § 1983;

n.  whether Defendants' conduct constitutes a violation of the Fourteenth Amendment of the United States Constitution;

o.  whether Defendants' conduct constitutes a violation of Article 1, Section 6, of the New York State Constitution;

p.  whether Defendants were unjustly enriched by collecting fines for patently invalid Notices of Liability alleging Speed Camera Violations that did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York;

q.  whether Defendants were unjustly enriched by collecting fines for legally insufficient Notices of Liability alleging Speed Camera Violations that did not constitute *prima facie* evidence of the alleged violations;

r.  whether Defendants were unjustly enriched by collecting fines for legally insufficient Notices of Liability alleging Speed Camera Violations without

satisfying their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations;

s.   whether, as a result of Defendants' misrepresentations and/or omissions of material facts, Plaintiff and members of the Class have suffered an ascertainable loss of money and/or property and/or value; and

t.   whether Plaintiff and Class members are entitled to monetary damages and/or other remedies and, if so, the nature of any such relief.

93.   Plaintiff's claims are typical of the claims of the Class since each Class member was subject to the same deceptive practices and course of conduct. Furthermore, Plaintiff and all members of the Class sustained monetary damages including, but not limited to, ascertainable loss arising out of Defendants' wrongful conduct. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class members.

94.   Plaintiff is committed to the vigorous prosecution of the Class' claims. Plaintiff will fairly and adequately represent the interests of the Class. No conflict of interest exists between the representative and the Class members or with respect to the claims for relief requested.

95.   The representative and his chosen attorneys are familiar with the subject matter of the lawsuit and have full knowledge of the allegations contained in this complaint so as to be able to assist in its prosecution. The representative's attorneys are competent in the relevant areas of the law, have sufficient experience to vigorously represent the Class and have the resources to ensure that this litigation will not be hampered by a lack of financial capacity.

96.   A class action is superior to other methods for the fair and efficient adjudication of this controversy. The damages suffered by each individual Class member do not justify the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. Further, it would be virtually impossible for the members of the Class to individually and effectively redress the wrongs done to them. A class action

regarding the issues in this case does not create any problems of manageability. The class action

device presents far fewer management difficulties than alternative methods of adjudication, and

provides the benefit of single adjudication, economy of scale and comprehensive supervision by

a single court.

97.    The Class may also be certified because:

    a.    the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendants;

    b.    the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications or substantially impair or impede the ability to protect their interests; and

    c.    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## <u>COUNT I</u>
## DEPRIVATION OF RIGHTS IN VIOLATION OF 42 U.S.C. § 1983

98.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

99.    Defendants are persons within the meaning of 42 U.S.C. § 1983.

100.    Plaintiff and Class members are citizens of the United States.

101.    Defendants issued Notices of Liability for alleged Speed Camera Violations to Plaintiff and Class members that were patently invalid as they did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

102.    Defendants issued Notices of Liability for alleged Speed Camera Violations to Plaintiff and Class members that were legally insufficient as they did not constitute *prima facie* evidence of the alleged violations, pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2).

103.    At all relevant times, Defendants were aware that Plaintiff's and Class members' Notices of Liability for alleged Speed Camera Violations were patently invalid and legally insufficient.

104.    At all relevant times, Defendants failed to instruct the DOT to stop issuing patently invalid and legally insufficient Notices of Liability for alleged Speed Camera Violations. Rather, Defendants allowed the DOT to continue issuing patently invalid and legally insufficient Notices of Liability for alleged Speed Camera Violations.

105.    At all relevant times, Defendants failed to notify Plaintiff and Class members that their Notices of Liability for alleged Speed Camera Violations were patently invalid and legally insufficient.

106.    At all relevant times, Defendants failed to, *sua sponte*, dismiss Plaintiff's and Class members' patently invalid and legally insufficient Notices of Liability for alleged Speed Camera Violations. Defendants failed to do so even though they could not and did not satisfy their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

107.    Defendants collected payment of fines from Plaintiff and Class members for Notices of Liability alleging Speed Camera Violations that were patently invalid and legally insufficient. Defendants did so without satisfying their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

108.    Defendants caused Plaintiff and Class members to incur associated fees for Notices of Liability alleging Speed Camera Violations that were patently invalid and legally insufficient. Defendants did so without satisfying their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

109.    At all relevant times, Defendants failed to offer Plaintiff and Class members full

refunds, plus interest, of the fines and associated fees paid for patently invalid and legally insufficient Notices of Liability alleging Speed Camera Violations.

110.    At all relevant times, Defendants represented that Plaintiff's and Class members' Notices of Liability for alleged Speed Camera Violations were patently valid and legally sufficient and that Defendants satisfied their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

111.    Defendants engaged in the above-described actionable statements and/or omissions and/or concealments with knowledge that the representations were false and/or misleading, and with the intent that Plaintiff and Class members rely upon such concealments, suppressions and omissions.

112.    Alternatively, Defendants were reckless in not knowing that these representations were false and misleading at the time they were made.

113.    Plaintiff and Class members reasonably relied upon Defendants' misrepresentations and/or omissions. As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiff and Class members have sustained economic injury by paying fines and associated fees for patently invalid and legally insufficient Notices of Liability alleging Speed Camera Violations.

114.    In the event that Plaintiff and Class members violated NYVTL Section 1180-b, Defendants failed to provide Plaintiff and Class members with adequate notice of their alleged Speed Camera Violations. Defendants failed to provide Plaintiff and Class members with a Notice of Liability containing a certificate charging liability, signed to or affirmed by a technician employed by the State of New York, as required pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2). Defendants collected fines for these alleged violations from Plaintiff and Class members and caused them to incur associated fees, depriving them of their property

without due process in violation of the Constitution and laws of the United States.

115.     In the event that Plaintiff and Class members violated NYVTL Section 1180-b, Defendants failed to meet their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged Speed Camera Violations. Defendants failed to provide Plaintiff and Class members with a Notice of Liability containing a certificate charging liability, signed to or affirmed by a technician employed by the State of New York, as required to establish *prima facie* evidence of the alleged Speed Camera Violations pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2). To the extent Plaintiff and Class members pleaded guilty to the alleged Speed Camera Violations, Plaintiff and Class members would not have done so but for Defendants' misrepresentations and/or omissions. Defendants collected fines for these alleged violations from Plaintiff and Class members and caused them to incur associated fees, depriving them of their property without due process in violation of the Constitution and laws of the United States.

116.     As a result of Defendants' deceptive acts and practices, Plaintiff and Class members are entitled to legal and equitable relief, including damages, pre-judgement and post-judgement interest, costs, attorneys' fees and/or other relief as deemed appropriate.

## COUNT II
## DEPRIVATION OF DUE PROCESS IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

117.     Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

118.     Plaintiff and Class members are persons within the meaning of the Fourteenth Amendment to the United States Constitution.

119.     Plaintiff and Class members are citizens of the United States.

120.     Defendants issued Notices of Liability for alleged Speed Camera Violations to Plaintiff and Class members that were patently invalid as they did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, in

violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

121.     Defendants issued Notices of Liability for alleged Speed Camera Violations to Plaintiff and Class members that were legally insufficient as they did not constitute *prima facie* evidence of the alleged violations, pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2).

122.     At all relevant times, Defendants were aware that Plaintiff's and Class members' Notices of Liability for alleged Speed Camera Violations were patently invalid and legally insufficient.

123.     At all relevant times, Defendants failed to instruct the DOT to stop issuing patently invalid and legally insufficient Notices of Liability for alleged Speed Camera Violations. Rather, Defendants allowed the DOT to continue issuing patently invalid and legally insufficient Notices of Liability for alleged Speed Camera Violations.

124.     At all relevant times, Defendants failed to notify Plaintiff and Class members that their Notices of Liability for alleged Speed Camera Violations were patently invalid and legally insufficient.

125.     At all relevant times, Defendants failed to, *sua sponte*, dismiss Plaintiff's and Class members' patently invalid and legally insufficient Notices of Liability for alleged Speed Camera Violations. Defendants failed to do so even though they could not and did not satisfy their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

126.     Defendants collected payment of fines from Plaintiff and Class members for Notices of Liability alleging Speed Camera Violations that were patently invalid and legally insufficient. Defendants did so without satisfying their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

127.     Defendants caused Plaintiff and Class members to incur associated fees for

27

Notices of Liability alleging Speed Camera Violations that were patently invalid and legally insufficient. Defendants did so without satisfying their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

128.    At all relevant times, Defendants failed to offer Plaintiff and Class members full refunds, plus interest, of the fines and associated fees paid for patently invalid and legally insufficient Notices of Liability alleging Speed Camera Violations.

129.    At all relevant times, Defendants represented that Plaintiff's and Class members' Notices of Liability for alleged Speed Camera Violations were patently valid and legally sufficient and that Defendants satisfied their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

130.    Defendants engaged in the above-described actionable statements and/or omissions and/or concealments with knowledge that the representations were false and/or misleading, and with the intent that Plaintiff and Class members rely upon such concealments, suppressions and omissions.

131.    Alternatively, Defendants were reckless in not knowing that these representations were false and misleading at the time they were made.

132.    Plaintiff and Class members reasonably relied upon Defendants' misrepresentations and/or omissions. As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiff and Class members have sustained economic injury by paying fines and associated fees for patently invalid and legally insufficient Notices of Liability alleging Speed Camera Violations.

133.    In the event that Plaintiff and Class members violated NYVTL Section 1180-b, Defendants failed to provide Plaintiff and Class members with adequate notice of their alleged Speed Camera Violations. Defendants failed to provide Plaintiff and Class members with a

Notice of Liability containing a certificate charging liability, signed to or affirmed by a technician employed by the State of New York, as required pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2). Defendants collected fines for these alleged violations from Plaintiff and Class members and caused them to incur associated fees, depriving them of their property without due process in violation of the Constitution and laws of the United States.

134.     In the event that Plaintiff and Class members violated NYVTL Section 1180-b, Defendants failed to meet their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged Speed Camera Violations. Defendants failed to provide Plaintiff and Class members with a Notice of Liability containing a certificate charging liability, signed to or affirmed by a technician employed by the State of New York, as required to establish *prima facie* evidence of the alleged Speed Camera Violations pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2). To the extent Plaintiff and Class members pleaded guilty to the alleged Speed Camera Violations, Plaintiff and Class members would not have done so but for Defendants' misrepresentations and/or omissions. Defendants collected fines for these alleged violations from Plaintiff and Class members and caused them to incur associated fees, depriving them of their property without due process in violation of the Constitution and laws of the United States.

135.     As a result of Defendants' deceptive acts and practices, Plaintiff and Class members are entitled to legal and equitable relief, including damages, pre-judgement and post-judgement interest, costs, attorneys' fees and/or other relief as deemed appropriate.

## COUNT III
### DEPRIVATION OF DUE PROCESS IN VIOLATION OF ARTICLE 1, SECTION 6, OF THE NEW YORK STATE CONSTITUTION

136.     Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

137.     Plaintiff and Class members are persons within the meaning of Article 1, Section 6, of the New York State Constitution.

138.     Plaintiff and Class members are citizens of the United States.

139.     Defendants issued Notices of Liability for alleged Speed Camera Violations to Plaintiff and Class members that were patently invalid as they did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

140.     Defendants issued Notices of Liability for alleged Speed Camera Violations to Plaintiff and Class members that were legally insufficient as they did not constitute *prima facie* evidence of the alleged violations, pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2).

141.     At all relevant times, Defendants were aware that Plaintiff's and Class members' Notices of Liability for alleged Speed Camera Violations were patently invalid and legally insufficient.

142.     At all relevant times, Defendants failed to instruct the DOT to stop issuing patently invalid and legally insufficient Notices of Liability for alleged Speed Camera Violations. Rather, Defendants allowed the DOT to continue issuing patently invalid and legally insufficient Notices of Liability for alleged Speed Camera Violations.

143.     At all relevant times, Defendants failed to notify Plaintiff and Class members that their Notices of Liability for alleged Speed Camera Violations were patently invalid and legally insufficient.

144.     At all relevant times, Defendants failed to, *sua sponte*, dismiss Plaintiff's and Class members' patently invalid and legally insufficient Notices of Liability for alleged Speed Camera Violations. Defendants failed to do so even though they could not and did not satisfy their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

145.     Defendants collected payment of fines from Plaintiff and Class members for

Notices of Liability alleging Speed Camera Violations that were patently invalid and legally insufficient. Defendants did so without satisfying their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

146.    Defendants caused Plaintiff and Class members to incur associated fees for Notices of Liability alleging Speed Camera Violations that were patently invalid and legally insufficient. Defendants did so without satisfying their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

147.    At all relevant times, Defendants failed to offer Plaintiff and Class members full refunds, plus interest, of the fines and associated fees paid for patently invalid and legally insufficient Notices of Liability alleging Speed Camera Violations.

148.    At all relevant times, Defendants represented that Plaintiff's and Class members' Notices of Liability for alleged Speed Camera Violations were patently valid and legally sufficient and that Defendants satisfied their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

149.    Defendants engaged in the above-described actionable statements and/or omissions and/or concealments with knowledge that the representations were false and/or misleading, and with the intent that Plaintiff and Class members rely upon such concealments, suppressions and omissions.

150.    Alternatively, Defendants were reckless in not knowing that these representations were false and misleading at the time they were made.

151.    Plaintiff and Class members reasonably relied upon Defendants' misrepresentations and/or omissions. As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiff and Class members have sustained economic injury by paying fines and associated fees for patently invalid and legally insufficient Notices of Liability alleging

Speed Camera Violations.

152.    In the event that Plaintiff and Class members violated NYVTL Section 1180-b, Defendants failed to provide Plaintiff and Class members with adequate notice of their alleged Speed Camera Violations. Defendants failed to provide Plaintiff and Class members with a Notice of Liability containing a certificate charging liability, signed to or affirmed by a technician employed by the State of New York, as required pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2). Defendants collected fines for these alleged violations from Plaintiff and Class members and caused them to incur associated fees, depriving them of their property without due process in violation of the Constitution and laws of the United States.

153.    In the event that Plaintiff and Class members violated NYVTL Section 1180-b, Defendants failed to meet their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged Speed Camera Violations. Defendants failed to provide Plaintiff and Class members with a Notice of Liability containing a certificate charging liability, signed to or affirmed by a technician employed by the State of New York, as required to establish *prima facie* evidence of the alleged Speed Camera Violations pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2). To the extent Plaintiff and Class members pleaded guilty to the alleged Speed Camera Violations, Plaintiff and Class members would not have done so but for Defendants' misrepresentations and/or omissions. Defendants collected fines for these alleged violations from Plaintiff and Class members and caused them to incur associated fees, depriving them of their property without due process in violation of the Constitution and laws of the State of New York.

154.    As a result of Defendants' deceptive acts and practices, Plaintiff and Class members are entitled to legal and equitable relief, including damages, pre-judgement and post-judgement interest, costs, attorneys' fees and/or other relief as deemed appropriate.

## COUNT IV
## FRAUDULENT CONCEALMENT / FRAUDULENT INDUCEMENT

155.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

156.    Defendants issued Notices of Liability for alleged Speed Camera Violations to Plaintiff and Class members that were patently invalid as they did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

157.    Defendants issued Notices of Liability for alleged Speed Camera Violations to Plaintiff and Class members that were legally insufficient as they did not constitute *prima facie* evidence of the alleged violations, pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2).

158.    At all relevant times, Defendants were aware that Plaintiff's and Class members' Notices of Liability for alleged Speed Camera Violations were patently invalid and legally insufficient.

159.    At all relevant times, Defendants failed to instruct the DOT to stop issuing patently invalid and legally insufficient Notices of Liability for alleged Speed Camera Violations. Rather, Defendants allowed the DOT to continue issuing patently invalid and legally insufficient Notices of Liability for alleged Speed Camera Violations.

160.    At all relevant times, Defendants failed to notify Plaintiff and Class members that their Notices of Liability for alleged Speed Camera Violations were patently invalid and legally insufficient.

161.    At all relevant times, Defendants failed to, *sua sponte*, dismiss Plaintiff's and Class members' patently invalid and legally insufficient Notices of Liability for alleged Speed Camera Violations. Defendants failed to do so even though they could not and did not satisfy their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged

33

violations.

162.    Defendants collected payment of fines from Plaintiff and Class members for Notices of Liability alleging Speed Camera Violations that were patently invalid and legally insufficient. Defendants did so without satisfying their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

163.    Defendants caused Plaintiff and Class members to incur associated fees for Notices of Liability alleging Speed Camera Violations that were patently invalid and legally insufficient. Defendants did so without satisfying their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

164.    At all relevant times, Defendants failed to offer Plaintiff and Class members full refunds, plus interest, of the fines and associated fees paid for patently invalid and legally insufficient Notices of Liability alleging Speed Camera Violations.

165.    At all relevant times, Defendants falsely represented that Plaintiff's and Class members' Notices of Liability for alleged Speed Camera Violations were patently valid and legally sufficient and that Defendants satisfied their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

166.    Defendants engaged in the above-described actionable statements and/or omissions and/or concealments with knowledge that the representations were false and/or misleading, and with the intent that Plaintiffs and Class members rely upon such concealments, suppressions and omissions.

167.    Defendants had, and continue to have, a duty to inform Plaintiff and Class members that their Notices of Liability for alleged Speed Camera Violations were patently invalid and legally insufficient and that Defendants failed to satisfy their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

34

168.     That Plaintiff's and Class members' Notices of Liability for alleged Speed Camera Violations were patently invalid and legally insufficient and that Defendants failed to satisfy their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations is material information that Defendants had, and continue to have, a duty to disclose to those remitting payment and/or associated fees for the alleged violations.

169.     Based upon Defendants' false representations and/or omissions and/or concealments of these material facts, Defendants induced individuals, including Plaintiff and Class members, to rely upon Defendants' misrepresentations and/or omissions and to remit payment and associated fees for patently invalid and legally insufficient Notices of Liability alleging Speed Camera Violations.

170.     Plaintiffs and Class members reasonably relied upon Defendants' misrepresentations and/or omissions. As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiffs and Class members have sustained economic injury by paying fines and associated fees for patently invalid and legally insufficient Notices of Liability alleging Speed Camera Violations.

171.     As a result of Defendants' deceptive acts and practices, Plaintiff and Class members are entitled to legal and equitable relief, including damages, pre-judgement and post-judgement interest, costs, attorneys' fees and/or other relief as deemed appropriate.

### COUNT V
### NEGLIGENT MISREPRESENTATION

172.     Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

173.     Defendants issued Notices of Liability for alleged Speed Camera Violations to Plaintiff and Class members that were patently invalid as they did not contain a certificate charging liability, signed to or affirmed by a technician employed by the City of New York, in

violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

174.    Defendants issued Notices of Liability for alleged Speed Camera Violations to Plaintiff and Class members that were legally insufficient as they did not constitute *prima facie* evidence of the alleged violations, pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2).

175.    At all relevant times, Defendants were aware that Plaintiff's and Class members' Notices of Liability for alleged Speed Camera Violations were patently invalid and legally insufficient.

176.    At all relevant times, Defendants failed to instruct the DOT to stop issuing patently invalid and legally insufficient Notices of Liability for alleged Speed Camera Violations. Rather, Defendants allowed the DOT to continue issuing patently invalid and legally insufficient Notices of Liability for alleged Speed Camera Violations.

177.    At all relevant times, Defendants failed to notify Plaintiff and Class members that their Notices of Liability for alleged Speed Camera Violations were patently invalid and legally insufficient.

178.    At all relevant times, Defendants failed to, *sua sponte*, dismiss Plaintiff's and Class members' patently invalid and legally insufficient Notices of Liability for alleged Speed Camera Violations. Defendants failed to do so even though they could not and did not satisfy their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

179.    Defendants collected payment of fines from Plaintiff and Class members for Notices of Liability alleging Speed Camera Violations that were patently invalid and legally insufficient. Defendants did so without satisfying their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

180.    Defendants caused Plaintiff and Class members to incur associated fees for

Notices of Liability alleging Speed Camera Violations that were patently invalid and legally insufficient. Defendants did so without satisfying their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

181.    At all relevant times, Defendants failed to offer Plaintiff and Class members full refunds, plus interest, of the fines and associated fees paid for patently invalid and legally insufficient Notices of Liability alleging Speed Camera Violations.

182.    At all relevant times, Defendants falsely represented that Plaintiff's and Class members' Notices of Liability for alleged Speed Camera Violations were patently valid and legally sufficient and that Defendants satisfied their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

183.    At the time Defendants made these representations to Plaintiff and Class members, Defendants knew or should have known that these representations were false or that Defendants made them without knowledge of their truth or veracity.

184.    Defendants had, and continue to have, a duty to inform Plaintiff and Class members that their Notices of Liability for alleged Speed Camera Violations were patently invalid and legally insufficient and that Defendants failed to satisfy their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations.

185.    That Plaintiff's and Class members' Notices of Liability for alleged Speed Camera Violations were patently invalid and legally insufficient and that Defendants failed to satisfy their burden of establishing Plaintiff's and Class members' *prima facie* guilt as to the alleged violations is material information that Defendants had, and continue to have, a duty to disclose to those remitting payment and/or associated fees for the alleged violations.

186.    Based upon Defendants' negligent misrepresentations and/or omissions and/or concealments of these material facts, Defendants induced individuals, including Plaintiff and

37

Class members, to rely upon Defendants' misrepresentations and/or omissions and to remit

payment and associated fees for patently invalid and legally insufficient Notices of Liability

alleging Speed Camera Violations.

187.    Plaintiffs and Class members reasonably relied upon Defendants'

misrepresentations and/or omissions. As a direct and proximate result of Defendants' deceptive

acts and practices, Plaintiffs and Class members have sustained economic injury by paying fines

and associated fees for patently invalid and legally insufficient Notices of Liability alleging

Speed Camera Violations.

188.    As a result of Defendants' deceptive acts and practices, Plaintiffs and Class

members are entitled to legal and equitable relief, including damages, pre-judgement and post-

judgement interest, costs, attorneys' fees and/or other relief as deemed appropriate.

<b><u>COUNT VI</u><br>UNJUST ENRICHMENT</b>

189.    Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

190.    Plaintiff and Class members have conferred substantial benefits on Defendants by

paying for Notices of Liability alleging Speed Camera Violations that were patently invalid and

legally insufficient and without Defendants satisfying their burden of establishing *prima facie*

guilt as to the alleged violations. Defendants have knowingly and willingly accepted and enjoyed

these benefits. Defendants continue to knowingly and willingly accept and enjoy these benefits.

191.    Defendants knew or should have known that the payments tendered by Plaintiff

and the Class members were given and received with the expectation that their Notices of

Liability for alleged Speed Camera Violations were patently valid and legally sufficient and that

Defendants satisfied their burden of establishing *prima facie* guilt as to the alleged violations.

For Defendants to retain the benefit of the payments under these circumstances is inequitable.

192.    Defendants unlawfully retained money belonging to Plaintiff and Class members.

193.    Defendants have been unjustly enriched through their retention of money belonging to Plaintiff and Class members.

194.    Plaintiff and Class members are entitled to restitution as it is unjust and inequitable for Defendants to retain such money based on the unlawful conduct described above. Such money belongs in good conscience to Plaintiff and Class members.

195.    As a direct and proximate result of Defendants' wrongful conduct and unjust enrichment, Plaintiff and Class members are entitled to restitution from and institution of a constructive trust disgorging all profits, benefits and other compensation obtained by Defendants through this inequitable conduct.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully request relief against Defendants as set forth below:

    a.   An award of damages, including actual, general, special, incidental, statutory, punitive, treble and consequential, in an amount to be determined at trial;

    b.   Notice to the Class of this action;

    c.   An injunction against Defendants prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

    d.   Appoint Plaintiff as the representative of the Class and his counsel as Class counsel;

    e.   Pre-judgment and post-judgment interest as provided by law;

    f.   Reasonable attorneys' fees and costs; and

    g.   Such other and further relief that this Court deems appropriate.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
February 12, 2018

Respectfully Submitted,


IMBESI LAW P.C.

/s/ *Israel Klein*
Israel Klein, Esq.
Brittany Weiner, Esq.
450 Seventh Avenue, Suite 1408
New York, New York 10123
Tel. (646) 767-2265
Fax. (212) 658-9177
Israel@lawicm.com