

| | THE CITY OF NEW YORK | |
| --- | --- | --- |
| **ZACHARY W. CARTER** | **LAW DEPARTMENT** | |
| *Corporation Counsel* | 100 CHURCH STREET | Mark W. Muschenheim |
| | NEW YORK, NY 10007 | Tel: (212) 356-2186 |
| | | Fax: (212) 356-2019 |
| | | MMuschen@Law.NYC.Gov |

March 30, 2018

By ECF
Hon. Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

Re: <u>Muladzhanov v. City of New York, et al.</u>, # 18 CV 930 (RRM/ST)

Dear Judge Mauskopf:

This office represents defendants in this action. In accordance with Your Honor's Individual Rules, the defendants write to request a pre-motion conference on defendants' anticipated motion to dismiss the complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure 12(b)(6). By this letter the defendants also request an extension of their time to answer the complaint until after their motion to dismiss has been decided.

This purported class action stems from two instances of the same car speeding near two different schools. Cameras outfitted with speed measuring devices took photos of the car that indicated it was travelling more than ten miles per hour above the posted speed limit.[1] Compl. ¶¶ 33 & 37. Those photos also captured the car's license plate number that established that the speeding car was owned by the named plaintiff. (Plaintiff does not dispute that his car was speeding in a school speed zone on the dates and times of these photos.) Notices of Liability ("NOL") for these two speeding incidents were mailed to the named plaintiff. Compl. ¶¶ 33 & 37. Those NOLs provided that the speed camera violations could be administratively contested

---

[1] Speed camera programs are a well-established method to reduce speeding, as well as crashes and deaths and injuries associated with crashes. For instance, in areas in New York City where speed cameras were located crashes with injuries declined more than 15 percent. See New York City Department of Transportation, "Automated Speed Camera Enforcement Program Report 2014-2016" (2017) ("Speed Camera Report"), at 12 (available at http://www.nyc.gov/html/dot/downloads/pdf/speed-camera-report-june2017.pdf).

by mail, in person or on-line at the New York City Parking Violations Bureau ("PVB").[2] The named plaintiff did not do so, and instead admitted liability and paid the associated fine on both violations. Compl. ¶¶ 35 & 39.

Although plaintiff did not administratively contest these violations, plaintiff now brings this lawsuit asserting a due process claim and a variety of state-law claims.[3] Plaintiff's claims fail for a host of reasons. To start, plaintiff waived his rights to challenge these speed camera violations when he admitted liability and paid the associated fines. Plaintiff's right to assert a court challenge "is subject to waiver, just as other personal constitutional rights that dictate the procedures by which civil and criminal matters must be tried." Commodity Futures Trading Comm'n v. Schor, 478 U.S. 833, 848-49 (1986) (citations omitted). Such a waiver may be either implicit or explicit. Id. at 849. Even if there was no evidence of an express waiver here, plaintiff's decision to forgo his right to administratively challenge the NOLs (and thereby forgo his right to challenge in state court an adverse administrative determination) and instead admit liability and pay the associated fines constituted an effective waiver. See Schor, 478 U.S. at 849 (defendant's election to forgo his right to proceed in court on his debt balance claim and instead seek relief in a reparations proceeding constituted an effective waiver). Cf. Rector v. City & County of Denver, 348 F.3d 935, 947 (10th Cir. 2003) (plaintiff lacked standing to challenge parking ticket late fee notice since she promptly paid her parking ticket).

Even if plaintiff had not waived his rights, plaintiff's federal procedural due process claim (Compl. ¶¶ 117 – 135) fails since plaintiff was provided the opportunity for constitutionally adequate process at both the administrative and state level. Courts have deemed that the administrative adjudication process, together with a New York state Article 78 proceeding to challenge these administrative determinations, provides constitutionally adequate process to contest tickets adjudicated by PVB. Nestle Waters N. Am., Inc. v. City of New York, 689 Fed. Appx. 87, 88 (2d Cir. 2017) (ruling in connection with a challenge to a facially defective parking ticket that "the PVB/Article 78 review procedures clearly satisfy the requirements of procedural due process"). See also Yu Juan Sheng v. City of New York, 2009 U.S. Dist. Lexis 129813, *17-18 (E.D.N.Y. 2009) (noting that "courts have deemed Article 78 proceedings adequate remedies to challenge parking tickets"). Accordingly, since

---

[2] New York Vehicle and Traffic Law ("VTL") § 1180-b authorizes the City of New York to establish a speed camera program near schools. See generally Speed Camera Report. PVB is authorized by VTL § 1180-b(h) to adjudicate "the liability imposed upon owners" by the speed camera program. The procedures used by PVB to adjudicate speed camera NOLs are the same as those used to adjudicate parking tickets. See generally 19 RCNY 39-01 et seq.

[3] Plaintiff's claims are all premised on the assertion that the NOL should have included the VTL § 1180-b(d) technician certificate (which is available on line at violationinfo.com). While plaintiff's claims fail as set forth herein, plaintiff's specific argument also fails because VTL § 1180-b(g)(2) -- which sets forth the NOL requirements -- does not mandate that the technician certificate be included with the NOL.

2

constitutionally adequate process was available to plaintiff, which he declined to pursue, he fails to plead a plausible due process claim.[4]

The remaining state law claims need not be considered since this Court should decline to exercise supplemental jurisdiction. Here, since plaintiff's federal claims should be dismissed, the assertion of supplemental jurisdiction over the state law claims is not appropriate. The state law claims do not implicate any federal question or any issue of federal policy or interest. Moreover, this action was recently filed, and is in its initial stages and no trial date has been set.

Even if the state law claims were considered, they still fail. While plaintiff asserts state law claims for fraudulent concealment, negligent misrepresentation and unjust enrichment, it is readily apparent that the crux of plaintiff's complaint is a challenge to the two NOLs that cited plaintiff's car for speeding in a school speed zone. It is well-settled that review of agency actions must be challenged by an Article 78 proceeding after exhausting available administrative remedies. Clissuras v. City of New York, 131 A.D.2d 717, 718 (2d Dep't) ("[a]lthough the plaintiff has characterized her causes of action as involving fraud, conspiracy, breach of contract, breach of fiduciary duty and negligence, the crux of her complaint is a challenge to an administrative action"), appeal dismissed, 70 N.Y.2d 795 (1987), cert. denied, 484 U.S. 1053 (1988).[5] Moreover, before seeking Article 78 review a litigant must first exhaust all available administrative remedies. See Lehigh Portland Cement Co. v. N.Y. State Dep't of Envtl. Conservation, 87 N.Y.2d 136, 140 (1995) ("[O]ne who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law."). Here, the named plaintiff failed to exhaust his administrative remedies since he did not administratively contest the NOLs. Consequently, his state law claims necessarily fail.

Respectfully submitted,

Mark W. Muschenheim
Assistant Corporation Counsel

cc: Israel Klein, Esq. (Via ECF)

---

[4] Plaintiff's third cause of action (Compl. ¶¶ 136 – 154) alleging a state due process claim similarly fails since the test to apply is the same as that used to examine a federal due process claim. See Coakley v. Jaffee, 49 F. Supp. 2d 615, 628 (S.D.N.Y. 1999). And plaintiff's Section 1983 claim (Compl. ¶¶ 98 – 116) fails since that provision, by itself, "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).

[5] For instance, when this Court dismissed an unjust enrichment claim in a challenge to a similar red light camera program, it noted that the New York "Court of Appeals has held that an 'unjust enrichment claim' 'is not a catchall cause of action to be used when others fail,' and has dismissed such claims where they are duplicative of other claims." Leder v. Am. Traffic Solutions, Inc., 81 F. Supp. 3d 211, 227-28 (E.D.N.Y. 2015) (citing Corsello v. Verizon New York, Inc., 18 N.Y.3d 777, 791 (2012)).