Israel Klein, Esq.
IMBESI LAW P.C.
450 Seventh Avenue, Suite 1408
New York, New York 10123
Tel. (646) 767-2265
Fax. (212) 658-9177
Israel@lawicm.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
ABRAM MULADZHANOV, BINYAMIN SCHWARTZ
and GEORGE PRINGLE, individually, and on behalf of
all others similarly situated,

                        Plaintiffs,

               v.

THE CITY OF NEW YORK, COMMISSIONER POLLY
TROTTENBERG, in her individual and personal capacity,
COMMISSIONER JACQUES JIHA, in his individual and
personal capacity, DEPUTY COMMISSIONER JEFFREY
SHEAR, in his individual and personal capacity, JOHN and
JANE DOE CITY OF NEW YORK EMPLOYEES, JOHN
and JANE DOE NEW YORK CITY DEPARTMENT OF
TRANSPORTATION EMPLOYEES, JOHN and JANE
DOE NEW YORK CITY DEPARTMENT OF FINANCE
EMPLOYEES, JOHN and JANE DOE NEW YORK CITY
PARKING VIOLATIONS BUREAU EMPLOYEES and
JOHN and JANE DOE PARKING VIOLATIONS
BUREAU ADMINISTRATIVE LAW JUDGES,

                       Defendants.
-------------------------------------------------------------------X

Case No.: 1:18-cv-00930

**AMENDED CLASS**
**ACTION COMPLAINT**

       Plaintiffs Abram Muladzhanov ("Mr. Muladzhanov"), Binyamin Schwartz ("Mr.

Schwartz") and George Pringle ("Mr. Pringle") (collectively, "Plaintiffs"), by and through their

attorneys, Imbesi Law P.C., bring this putative class action on behalf of themselves and all other

similarly situated persons (collectively, "Class") against Defendants the City of New York

("NYC"), Commissioner Polly Trottenberg ("Commissioner Trottenberg"), Commissioner

Jacques Jiha ("Commissioner Jiha"), Deputy Commissioner Jeffrey Shear ("Deputy

Commissioner Shear"), John and Jane Doe New York City employees ("NYC Employees"), John and Jane Doe New York City Department of Transportation employees ("DOT Employees"), John and Jane Doe New York City Department of Finance employees ("DOF Employees"), John and Jane Doe New York City Parking Violations Bureau employees ("PVB Employees") and John and Jane Doe New York City Parking Violations Bureau Administrative Law Judges ("PVB ALJ") (collectively, "Defendants"), and allege, with personal knowledge as to their own actions and upon information and belief as to those of others, as follows:

## NATURE OF THE ACTION

1.     Plaintiffs bring this putative class action against Defendants seeking damages sustained as a direct and proximate result of Defendants' violations of 42 U.S.C. § 1983, the Fourteenth Amendment of the United States Constitution, Article 1, Section 6, of the New York State Constitution, Sections 1180-b(d) and 1180-b(g)(2) of the Vehicle and Traffic Law of the State of New York ("NYVTL"), NYVTL Section 1180-b(a)(3), fraudulent concealment and/or inducement, negligent misrepresentation and unjust enrichment in connection with Defendants' practice of routinely issuing and collecting fines for patently invalid and legally insufficient alleged violations of NYVTL Section 1180-b ("Speed Camera Violation"). Plaintiff and putative Class members have been, and continue to be, injured by Defendants' actions.

2.     Plaintiffs are three (3) of thousands of individuals who were issued and paid for patently invalid and legally insufficient Speed Camera Violations.

3.     Defendants have known, or should have known, that NYVTL Sections 1180-b(d) and 1180-b(g)(2) require all issued Notices of Liability for alleged Speed Camera Violations to contain a certificate charging the liability, signed to or affirmed by a technician employed by the City of New York. Nevertheless, Defendants continue to issue patently invalid Notices of Liability for alleged Speed Camera Violations that do not contain a certificate charging the

2

liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

4.     Defendants have known, or should have known, that, pursuant to NYVTL Section 1180-b(d), Technician's Certificates for alleged Speed Camera Violations do not constitute *prima facie* evidence of the alleged violations unless they are signed. Nevertheless, Defendants continue to issue legally insufficient Technician's Certificates for alleged Speed Camera Violations that are not properly signed, in violation of NYVTL Section 1180-b(d).

5.     Defendants have known, or should have known, that NYVTL Section 1180-b(a)(3) requires all issued Camera Log Reports for alleged Speed Camera Violations to be completed and signed by the operator of the Speed Camera and state that the "operator successfully performed" tests to ensure the Speed Camera's accuracy. Nevertheless, Defendants continue to issue patently invalid and legally insufficient Camera Log Reports for alleged Speed Camera Violations that are not completed or signed by the operator of the Speed Camera and do not state that the "operator successfully performed" tests to ensure the Speed Camera's accuracy, in violation of NYVTL Section 1180-b(a)(3).

6.     Defendants have known or should have known that Technician's Certificates and Camera Log Reports issued for alleged Speed Camera Violations must be notarized to be deemed valid. Nevertheless, Defendants continue to issue Technician's Certificates and Camera Log Reports for alleged Speed Camera Violations that are not notarized and are deemed invalid.

7.     Without correcting their material misrepresentations and/or omissions, Defendants accepted payment from Plaintiffs and Class members for patently invalid and legally insufficient Speed Camera Violations.

8.     Without correcting their material misrepresentations and/or omissions, Defendants caused Plaintiffs and Class members to incur associated fees for patently invalid and

legally insufficient Speed Camera Violations.

9.      With notice and knowledge of their material misrepresentations and/or omissions, Defendants failed to offer Plaintiffs and Class members full refunds, plus interest, of the fines and associated fees paid for their patently invalid and legally insufficient Speed Camera Violations.

10.      Plaintiffs and Class members reasonably relied upon Defendants' misrepresentations and/or omissions. As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiffs and Class members have sustained economic injury by paying fines and associated fees for patently invalid and legally insufficient Speed Camera Violations.

11.      Plaintiffs seek damages and equitable remedies under statutory and common law claims for themselves and members of the putative Class, of which Plaintiffs are members. Identified definitively below, the putative Class includes individuals who from August 30, 2013, to the present paid a fine and/or associated fee for allegedly violating NYVTL Section 1180-b that was not fully refunded by Defendants with interest.

**JURISDICTION AND VENUE**

12.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiffs seek redress for the deprivation of their rights in violation of the Constitution and laws of the United States.

13.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so closely related to the federal claims that they form part of the same case or controversy.

14.      Plaintiffs' claims for declaratory and injunctive relief are authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

15.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because (i) a

4

substantial amount of the acts and transactions giving rise to this action occurred in this District; (ii) Defendants are authorized to operate and exercise governmental authority in this District and have intentionally availed themselves of the laws within this District and (iii) Defendants currently operate and exercise governmental authority in this District.

16.     On January 9, 2018, prior to commencing the within action, Plaintiff Muladzhanov, individually and on behalf of all others similarly situated, timely served a Verified Notice of Claim on Defendant NYC. More than thirty (30) days have elapsed since Plaintiff Muladzhanov timely served a Verified Notice of Claim on Defendant NYC.

17.     On April 4, 2018, prior to commencing the within action, Plaintiff Schwartz, individually and on behalf of all others similarly situated, timely served a Verified Notice of Claim on Defendant NYC. More than thirty (30) days have elapsed since Plaintiff Schwartz timely served a Verified Notice of Claim on Defendant NYC.

## PARTIES

18.     Plaintiff Muladzhanov is a citizen of the State of New York and a resident of Queens County. Plaintiff Muladzhanov holds a valid New York State driver's license and is authorized to and does operate a motor vehicle in this District and throughout the State of New York.

19.     Plaintiff Schwartz is a citizen of the State of New York and a resident of Kings County. Plaintiff Schwartz holds a valid New York State driver's license and is authorized to and does operate a motor vehicle in this District and throughout the State of New York.

20.     Plaintiff Pringle is a citizen of the State of New York and a resident of Richmond County. Plaintiff Pringle holds a valid New York State driver's license and is authorized to and does operate a motor vehicle in this District and throughout the State of New York.

21.     Defendant NYC is a municipal corporation duly organized and existing under the

laws of the State of New York, exercising governmental authority. Defendant NYC is a person for purposes of 42 U.S.C. § 1983. At all times relevant to this action, Defendant NYC exercised governmental authority in this District.

22.     Defendant Commissioner Trottenberg is, and at all relevant times was, the commissioner of the New York City Department of Transportation ("DOT"). The DOT is a local government agency, bureau, department and/or subdivision of Defendant NYC, exercising governmental authority. The DOT and Defendant Commissioner Trottenberg are responsible for much of Defendant NYC's transportation infrastructure.

23.     Defendant Commissioner Jiha is, and at all relevant times was, the commissioner of the New York City Department of Finance ("DOF"). The DOF is a local government agency, bureau, department and/or subdivision of Defendant NYC, exercising governmental authority. The DOF is the revenue service, taxation agency and recorder of deeds of Defendant NYC.

24.     Defendant Deputy Commissioner Shear is, and at all relevant times was, the deputy commissioner of treasury and payment services for the DOF.

25.     Defendant John and Jane Doe NYC Employees are, and at all relevant times were, employees of Defendant NYC.

26.     Defendant John and Jane Doe DOT Employees are, and at all relevant times were, employees of the DOT.

27.     Defendant John and Jane Doe DOF Employees are, and at all relevant times were, employees of the DOF.

28.     Defendant John and Jane Doe PVB Employees are, and at all relevant times were, employees of the New York City Parking Violations Bureau ("PVB"). The PVB is a local government agency, bureau, department and/or subdivision of the DOF, exercising governmental authority. The PVB is an administrative court that adjudicates New York City parking and traffic

violations.

29.     Defendant John and Jane Doe PVB ALJs are, and at all relevant times were, employees of the PVB. Defendant John and Jane Doe PVB ALJs are responsible for adjudicating alleged Speed Camera Violations when an individual contests the alleged violation. Defendant John and Jane Doe PVB ALJs who are employees of the PVB's appeals unit are responsible for adjudicating alleged Speed Camera Violations when an individual appeals a guilty verdict previously entered by a Defendant John or Jane Doe PVB ALJ.

## STATEMENT OF FACTS

### I.  Defendants' Automated Speed Enforcement Program

30.     On August 30, 2013, Defendants adopted an automated speed enforcement program to police vehicular speeding in twenty (20) school zones throughout New York City. In June of 2014, Defendants expanded the program to encompass one-hundred-and-forty (140) school zones.[1]

31.     Pursuant to NYVTL Section 1180-b, Defendants utilize one-hundred (100) fixed photo speed violation monitoring systems ("Speed Cameras") and forty (40) mobile Speed Cameras to enforce New York City's twenty-five (25) miles per hour speed limit in each respective school zone. The forty (40) mobile Speed Cameras are repositioned frequently throughout New York City and have been placed at over eight-hundred-and-seventy-five (875) school zones.[2]

32.     The Speed Cameras use radar and laser technology to measure the speed of a passing vehicle. If a Speed Camera detects a vehicle as exceeding the speed limit by more than ten (10) miles per hour during school hours, the Speed Camera captures images of the vehicle

---

[1] New York City DOT, *Automated Speed Enforcement Program Report 2014-2016,* available at http://www.nyc.gov/html/dot/downloads/pdf/speed-camera-report-june2017.pdf (last visited May 23, 2018).
[2] *Id.*

and its license plate and records the vehicle's speed.

33.     Images and recorded speeds of offending vehicles are reviewed for accuracy by a DOT technician. If a DOT technician verifies that a Speed Camera Violation occurred, the DOT issues and mails a Notice of Liability to the registered owner of the vehicle.

34.     Pursuant to NYVTL Section 1180-b(g)(2), the Notice of Liability must contain "the certificate charging the liability."

35.     Pursuant to NYVTL Section 1180-b(d), "[a] certificate, sworn to or affirmed by a technician employed by the City of New York, . . . shall be prima facie evidence of the facts contained therein."

36.     Pursuant to NYVTL Section 1180-b(a)(3), "[o]perators of photo speed violation monitoring systems . . . shall complete and sign a daily set-up log for each such system that he or she operates that . . . states that such operator successfully performed, and the system passed, the self-tests of such system before producing a recorded image that day."

## II. Defendants' Enforcement of Alleged Speed Camera Violations

37.     A Speed Camera Violation subjects a driver to a civil penalty of fifty dollars ($50).

38.     The DOF and Defendants Commissioner Jiha, Deputy Commissioner Shear, John and Jane Doe DOF Employees, John and Jane Doe PVB Employees and John and Jane Doe PVB ALJs are responsible for adjudicating all Speed Camera Violations and collecting and processing payment of all fines.

39.     The recipient of a Notice of Liability for an alleged Speed Camera Violation may plead guilty to the alleged violation and pay the prescribed fine to the DOF by mail, through the DOF's website, in person at a finance business center or 7-Eleven store or through the "New

York City Parking Ticket Pay or Dispute" mobile app.[3] Individuals electing to pay the prescribed fine with a credit or debit card are charged a 2.49% processing fee.[4] Individuals electing to pay the prescribed fine in person at a 7-Eleven store are charged a $2.99 convenience fee.[5] Individuals electing to pay the prescribed fine by mail must affix postage.

40.     The recipient of a Notice of Liability for an alleged Speed Camera Violation may contest the alleged violation and request a hearing in person, by mail or through the DOF's website. The alleged Speed Camera Violation is then adjudicated by a Defendant John or Jane Doe PVB ALJ within the DOF's PVB. If found guilty, the individual can appeal the PVB ALJ's decision to the PVB's appeals unit.

41.     Between 2014 and 2016, Defendants issued approximately 2,861,909 Notices of Liability for alleged Speed Camera Violations and collected approximately $122,674,189 in fines.[6]

**SPEED CAMERA PROGRAM SUMMARY (CALENDAR YEAR 2014-2016)**

| | |
|---|---|
| OPERATING COSTS | $  42,981,898 |
| CAPITAL COSTS | $  26,478,548 |
| **TOTAL COSTS** | **$  69,460,446** |
| SPEED CAM REVENUE | $ 122,674,189 |
| NET REVENUE | $  53,213,743 |

---

[3] City of New York, *Speed Camera Violations*, available at http://www1.nyc.gov/nyc-resources/service/3582/speed-camera-violations (last visited May 23, 2018).
[4] City of New York, *Pay a Parking Ticket*, available at http://www1.nyc.gov/nyc-resources/service/2195/pay-a-parking-ticket (last visited May 23, 2018).
[5] *Id.*
[6] New York City DOT, *Automated Speed Enforcement Program Report 2014-2016,* available at http://www.nyc.gov/html/dot/downloads/pdf/speed-camera-report-june2017.pdf (last visited May 23, 2018).

III. **Defendants Unlawfully Issue and Collect Fines for Patently Invalid and Legally Insufficient Alleged Speed Camera Violations**

A. **Plaintiff Muladzhanov's November 2017 Alleged Speed Camera Violation**

42.     On or about November 29, 2017, the DOT issued Plaintiff Muladzhanov a Notice of Liability for allegedly violating NYVTL Section 1180-b. The Notice of Liability alleged that on November 27, 2017, on 164th Street and 71st Avenue in Fresh Meadows, New York, a Speed Camera captured Plaintiff Muladzhanov's vehicle traveling in excess of twenty-five (25) miles per hour in a twenty-five (25) miles per hour school speed zone.

43.     Upon information and belief, the Notice of Liability represented that it was both a "Notice of Liability/Certificate Charging The Liability."

44.     However, contrary to this representation, the Notice of Liability did not contain a certificate charging the liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

45.     Having no reason to suspect that Defendants' representations were false and that the Notice of Liability did not contain the certificate charging the liability, as required pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2), Plaintiff Muladzhanov pleaded guilty to the alleged Speed Camera Violation.

46.     Plaintiff Muladzhanov would not have pleaded guilty to his alleged Speed Camera Violation had he known that the Notice of Liability was not valid, pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2).

47.     In or about January of 2018, Plaintiff Muladzhanov paid the fifty dollar ($50) fine for his alleged Speed Camera Violation. Plaintiff Muladzhanov incurred a forty-nine cent ($0.49) postage fee for remitting payment to the DOF by mail.

48.     In or about February of 2018, Plaintiff Muladzhanov paid a twenty-five dollar

($25) late fee for failing to pay his fine within thirty (30) days. Plaintiff Muladzhanov incurred a 2.49% processing fee for remitting payment to the DOF with a credit card through the "New York City Parking Ticket Pay or Dispute" mobile app.

49.     Upon information and belief, the Technician's Certificate related to Plaintiff Muladzhanov's alleged Speed Camera Violation was unsigned and cannot be considered *prima facie* evidence of his guilt, pursuant to of NYVTL Section 1180-b(d).

50.     Even if the Technician's Certificate was properly signed, it must also be notarized to be deemed valid.

51.     Plaintiff Muladzhanov would not have pleaded guilty to his alleged Speed Camera Violation had he known that the Technician's Certificate was not valid and did not constitute *prima facie* evidence of his guilt, pursuant to of NYVTL Section 1180-b(d).

52.     Upon information and belief, the Camera Log Report related to Plaintiff Muladzhanov's alleged Speed Camera Violation was not completed or signed by the operator of the Speed Camera and did not state that the "operator successfully performed" tests to ensure the Speed Camera's accuracy, in violation of NYVTL Section 1180-b(a)(3).

53.     Even if the Camera Log Report was signed, it must also be notarized to be deemed valid.

54.     Plaintiff Muladzhanov would not have pleaded guilty to his alleged Speed Camera Violation had he known that the Camera Log Report was not valid, pursuant to of NYVTL Section 1180-b(a)(3).

**B.  Plaintiff Muladzhanov's December 2017 Alleged Speed Camera Violation**

55.     On or about December 11, 2017, the DOT issued Plaintiff Muladzhanov a Notice of Liability for allegedly violating NYVTL Section 1180-b. The Notice of Liability alleged that on December 7, 2017, on Main Street and Queens Boulevard in Queens, New York, a Speed

Camera captured Plaintiff Muladzhanov's vehicle traveling thirty-six (36) miles per hour in a twenty-five (25) miles per hour school speed zone.

56.     The Notice of Liability represented that it was both a "Notice of Liability/Certificate Charging The Liability."

57.     However, contrary to this representation, the Notice of Liability did not contain a certificate charging the liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).



58.     Having no reason to suspect that Defendants' representations were false and that the Notice of Liability did not contain the certificate charging the liability, as required pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2), Plaintiff Muladzhanov pleaded guilty to the alleged Speed Camera Violation.

59.     Plaintiff Muladzhanov would not have pleaded guilty to his alleged Speed Camera Violation had he known that the Notice of Liability was not valid, pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2).

60.     On or about January 2, 2018, Plaintiff Muladzhanov paid the fifty dollar ($50) fine for his alleged Speed Camera Violation. Plaintiff Muladzhanov incurred a forty-nine cent ($0.49) postage fee for remitting payment to the DOF by mail.

61.     Plaintiff Muladzhanov subsequently retained counsel upon learning that Defendants unlawfully issued and collected fines for patently invalid and legally insufficient Speed Camera Violations.

62.     Plaintiff Muladzhanov's counsel obtained a copy of the Technician's Certificate issued for the alleged Speed Camera Violation from www.violationinfo.com. The Technician's Certificate was unsigned and cannot be considered *prima facie* evidence of Plaintiff Muladzhanov's guilt, pursuant to of NYVTL Section 1180-b(d).

**NEW YORK CITY DEPARTMENT OF TRANSPORTATION**
**CAMERA MONITORING PROGRAM**
**3402 QUEENS BLVD.**
**LONG ISLAND CITY, NY 11101**

## Technician Certificate

**Violation Id:** 158025415                   **Violation Location:** SB MAIN ST 82 DR - QUEENS BV

**Violation Date:** 12/7/2017   8:20:35 AM

**Document Number:** 4640715936             **Plate/State:** ▮▮▮▮▮▮

I CHARISE MARTIN, solemnly affirm and declare that:

1. I am employed by New York City Department of Transportation ("Department") as a technician for the School Zone Camera Unit Monitoring Program being conducted pursuant to New York Vehicle and Traffic Law 1180-b.

2. I have been trained to inspect images from the School Zone Camera Unit Camera Monitoring Program to identify vehicles whose operators have violated section 1180-b of the Vehicle and Traffic Law.

3. In each of the images that I approved, the photographed vehicle, which is registered to you, has been observed speeding in a school speed zone in violation of New York Vehicle and Traffic Law section 1180-b.

4. At the time and place shown above, the operator of the above-designated vehicle violated section 1180-b of the VTL. The vehicle was traveling at a speed of more than 10 miles per hour above the posted speed limit in effect within the school speed zone.

Affirmed under penalty of perjury.

Name (Printed):  CHARISE MARTIN                   Signature:

Date: 12/8/2017   4:55:53 AM

63.     Even if the Technician's Certificate was properly signed, it must also be notarized to be deemed valid.

64.     Plaintiff Muladzhanov would not have pleaded guilty to his alleged Speed Camera Violation had he known that the Technician's Certificate was not valid and did not constitute *prima facie* evidence of his guilt, pursuant to of NYVTL Section 1180-b(d).

65.     Plaintiff Muladzhanov's counsel also obtained a copy of the Camera Log Report issued for the alleged Speed Camera Violation from www.violationinfo.com. The Camera Log Report was not completed or signed by the operator of the Speed Camera and did not state that

14

the "operator successfully performed" tests to ensure the Speed Camera's accuracy, in violation of NYVTL Section 1180-b(a)(3).



66.     Even if the Camera Log Report was signed, it must also be notarized to be deemed valid.

67.     Plaintiff Muladzhanov would not have pleaded guilty to his alleged Speed Camera Violation had he known that the Camera Log Report was not valid, pursuant to NYVTL Section 1180-b(a)(3).

**C.  Plaintiff Schwartz's December 2017 Alleged Speed Camera Violation**

68.     On or about December 14, 2017, the DOT issued Plaintiff Schwartz a Notice of Liability for allegedly violating NYVTL Section 1180-b. The Notice of Liability alleged that on December 12, 2017, on Flatbush Avenue and Bridge Street in Brooklyn, New York, a Speed Camera captured Plaintiff Schwartz's vehicle traveling thirty-six (36) miles per hour in a twenty-five (25) miles per hour school speed zone.

69.     The Notice of Liability represented that it was both a "Notice of

15

Liability/Certificate Charging The Liability."

70.     However, contrary to this representation, the Notice of Liability did not contain a certificate charging the liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).



71.     Having no reason to suspect that Defendants' representations were false and that the Notice of Liability did not contain the certificate charging the liability, as required pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2), Plaintiff Schwartz pleaded guilty to the alleged Speed Camera Violation.

72.     Plaintiff Schwartz would not have pleaded guilty to his alleged Speed Camera Violation had he known that the Notice of Liability was not valid, pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2).

73.     In or about January of 2018, Plaintiff Schwartz paid the fifty dollar ($50) fine for

his alleged Speed Camera Violation. Plaintiff Schwartz remitted payment to the DOF with an electronic check through the DOF's website.

74.     Plaintiff Schwartz subsequently retained counsel upon learning of the instant class action lawsuit, filed with this Court on February 12, 2018, alleging that Defendants unlawfully issued and collected fines for patently invalid and legally insufficient Speed Camera Violations.

75.     Plaintiff Schwartz's counsel obtained a copy of the Technician's Certificate issued for the alleged Speed Camera Violation from www.violationinfo.com. The Technician's Certificate was unsigned and cannot be considered *prima facie* evidence of Plaintiff Schwartz's guilt, pursuant to of NYVTL Section 1180-b(d).



76.     Even if the Technician's Certificate was properly signed, it must also be notarized

to be deemed valid.

77.     Plaintiff Schwartz would not have pleaded guilty to his alleged Speed Camera

Violation had he known that the Technician's Certificate was not valid and did not constitute

*prima facie* evidence of his guilt, pursuant to of NYVTL Section 1180-b(d).

78.     Plaintiff Schwartz's counsel also obtained a copy of the Camera Log Report

related to the alleged Speed Camera Violation from www.violationinfo.com. The Camera Log

Report was not completed or signed by the operator of the Speed Camera and did not state that

the "operator successfully performed" tests to ensure the Speed Camera's accuracy, in violation

of NYVTL Section 1180-b(a)(3).



79.     Even if the Camera Log Report was signed, it must also be notarized to be

deemed valid.

80.     Plaintiff Schwartz would not have pleaded guilty to his alleged Speed Camera

Violation had he known that the Camera Log Report was not valid, pursuant to of NYVTL

Section 1180-b(a)(3).

### D. **Plaintiff Pringle's December 2017 Alleged Speed Camera Violation**

81.     On or about December 13, 2017, the DOT issued Plaintiff Pringle a Notice of Liability for allegedly violating NYVTL Section 1180-b. The Notice of Liability alleged that on December 11, 2017, on Goethals Road and Jules Drive in Staten Island, New York, a Speed Camera captured Plaintiff Pringle's vehicle traveling forty-five (45) miles per hour in a thirty (30) miles per hour school speed zone.

82.     The Notice of Liability represented that it was both a "Notice of Liability/Certificate Charging The Liability."

83.     However, contrary to this representation, the Notice of Liability did not contain a certificate charging the liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).



84. Plaintiff Pringle subsequently obtained a copy of the Technician's Certificate issued for his alleged Speed Camera Violation from www.violationinfo.com. Plaintiff Pringle noted that the Technician's Certificate was unsigned and cannot be considered *prima facie* evidence of his guilt, pursuant to of NYVTL Section 1180-b(d).

NEW YORK CITY DEPARTMENT OF TRANSPORTATION
CAMERA MONITORING PROGRAM
3402 QUEENS BLVD,
LONG ISLAND CITY, NY 11101

**Technician Certificate**

Violation Id: 158311918

Violation Location: WB GOETHALS RD N @ JULES DR

Violation Date: 12/11/2017  12:51:00 PM

Document Number: 4640909913

Plate/State:

I STEVEN HARVEY, solemnly affirm and declare that:

1. I am employed by New York City Department of Transportation ("Department") as a technician for the School Zone Camera Unit Monitoring Program being conducted pursuant to New York Vehicle and Traffic Law 1180-b.

2. I have been trained to inspect images from the School Zone Camera Unit Camera Monitoring Program to identify vehicles whose operators have violated section 1180-b of the Vehicle and Traffic Law.

3. In each of the images that I approved, the photographed vehicle, which is registered to you, has been observed speeding in a school speed zone in violation of New York Vehicle and Traffic Law section 1180-b.

4. At the time and place shown above, the operator of the above-designated vehicle violated section 1180-b of the VTL. The vehicle was traveling at a speed of more than 10 miles per hour above the posted speed limit in effect within the school speed zone.

Affirmed under penalty of perjury.

Name (Printed):  STEVEN HARVEY

Signature:

Date: 12/12/2017  11:15:25 AM

85.    Even if the Technician's Certificate was properly signed, it must also be notarized to be deemed valid.

86.    In or about December of 2017, Plaintiff Pringle pleaded not guilty to the alleged Speed Camera Violation on the grounds that the Notice of Liability failed to contain a certificate charging the liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2). Plaintiff Pringle also argued that the Technician's Certificate was unsigned and cannot be considered *prima facie* evidence of his guilt, pursuant to of NYVTL Section 1180-b(d).

87.    On January 12, 2018, a Defendant John or Jane Doe PVB ALJ disregarded

21

Plaintiff Pringle's claims and entered a guilty verdict against Plaintiff Pringle.

88.     On or about January 15, 2018, Plaintiff Pringle appealed the guilty verdict to the PVB's appeals unit. However, Plaintiff Pringle paid the fifty dollar ($50) fine for his alleged Speed Camera Violation in order to avoid interest fees and other penalties in the event his guilty verdict was upheld on appeal. Plaintiff Pringle remitted payment to the DOF with an electronic check through the DOF's website.

89.     On March 30, 2018, three (3) Defendant John or Jane Doe PVB ALJs within the PVB's appeals unit disregarded Plaintiff Pringle's claims and upheld the guilty verdict entered against Plaintiff Pringle.

90.     The three (3) Defendant John or Jane Doe PVB ALJs erroneously held that "[t]he certificate charging liability is contained in the upper left hand corner on the first page of the notice [of liability]" and that "the official copy of the Technician's Certificate is signed."

91.     After receiving the appeals board's decision, Plaintiff Pringle returned to www.violationinfo.com to view the Technician's Certificate. This time, the Technician's Certificate was signed.

**NEW YORK CITY DEPARTMENT OF TRANSPORTATION**
**CAMERA MONITORING PROGRAM**
**3402 QUEENS BLVD,**
**LONG ISLAND CITY, NY 11101**

## Technician Certificate

Violation Id: 158311918                          Violation Location: WB GOETHALS RD N @ JULES DR
Violation Date: 12/11/2017  12:51:00 PM
Document Number: 4640909913          Plate/State:

I STEVEN HARVEY, solemnly affirm and declare that:

1. I am employed by New York City Department of Transportation ("Department") as a technician for the School Zone Camera Unit Monitoring Program being conducted pursuant to New York Vehicle and Traffic Law 1180-b.

2. I have been trained to inspect images from the School Zone Camera Unit Camera Monitoring Program to identify vehicles whose operators have violated section 1180-b of the Vehicle and Traffic Law.

3. In each of the images that I approved, the photographed vehicle, which is registered to you, has been observed speeding in a school speed zone in violation of New York Vehicle and Traffic Law section 1180-b.

4. At the time and place shown above, the operator of the above-designated vehicle violated section 1180-b of the VTL. The vehicle was traveling at a speed of more than 10 miles per hour above the posted speed limit in effect within the school speed zone.

Affirmed under penalty of perjury.

Name (Printed)  STEVEN HARVEY                    Signature:  Steven Harvey

Date: 12/12/2017  11:16:25 AM

92.     It is unclear when the DOT technician signed the Technician's Certificate. However, as the date and time-stamp are identical on both the signed and unsigned versions, it is clear that the date and time-stamp on the signed version are inaccurate.

Affirmed under penalty of perjury.

Name (Printed)  STEVEN HARVEY                    Signature:  Steven Harvey

Date: 12/12/2017  11:15:25 AM

Affirmed under penalty of perjury.

Name (Printed):  STEVEN HARVEY                   Signature:

Date: 12/12/2017  11:15:25 AM

93.     Upon information and belief, it is the DOT's common practice not to sign Technician's Certificates issued for alleged Speed Camera Violations. In the event that an individual contests an alleged Speed Camera Violation, a DOT technician then alters or tampers with the issued Technician's Certificate by signing it at a later time.

94.     Regardless, the Technician's Certificate was not notarized and, thus, cannot be deemed valid.

95.     Plaintiff Pringle subsequently retained counsel upon learning of the instant class action lawsuit, filed with this Court on February 12, 2018, alleging that Defendants unlawfully issued and collected fines for patently invalid and legally insufficient Speed Camera Violations.

96.     Plaintiff Schwartz's counsel obtained a copy of the Camera Log Report issued for the alleged Speed Camera Violation from www.violationinfo.com. The Camera Log Report was not completed or signed by the operator of the Speed Camera and did not state that the "operator successfully performed" tests to ensure the Speed Camera's accuracy, in violation of NYVTL Section 1180-b(a)(3).

**NEW YORK CITY DEPARTMENT OF TRANSPORTATION**
**CAMERA MONITORING PROGRAM**
**3402 QUEENS BLVD,**
**LONG ISLAND CITY, NY 11101**



**Camera Log Report**

Document #:    4640909913

Location:    SFS04    -   WB GOETHALS RD N @ JULES DR

| Event | Date / Time | Status |
|---|---|---|
| Deployment Start | 12/11/2017  7:10:23AM | Operational Tests Passed |
| **Violation** | **12/11/2017  12:51:00PM** | |
| Deployment End | 12/12/2017  3:20:22PM | Operational Tests Passed |

☐ Signs were Posted

97.    Even if the Camera Log Report was signed, it must also be notarized to be deemed valid.

**E.  Defendants Intentionally Misrepresent the Validity and Legal Sufficiency of Alleged Speed Camera Violations**

98.    From the inception of Defendants' automated speed enforcement program on August 30, 2013, until approximately April of 2017, all Notices of Liability for alleged Speed Camera Violations were clearly labeled "Notice of Liability."



99.     In or about March of 2017, a Staten Island resident, Christopher Altieri, contested two (2) alleged Speed Camera Violations on the grounds that the issued Notices of Liability failed to contain a certificate charging the liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).[7]

100.     In response to Mr. Altieri's claims, the DOT stated that it "doesn't send the certificate [charging the liability] but makes it 'available upon request.'"[8]

101.     Upon learning of Mr. Altieri's claims, Staten Island Councilman Steve Matteo demanded that Defendants refund all fines previously collected for alleged Speed Camera Violations because the Notices of Liability failed to contain a certificate charging the liability,

---

[7] Staten Island Real-Time News, *NYC Speed Camera Tickets Lack Required Documents*, available at http://www.silive.com/news/2017/03/citys_speed_camera_tickets_lac.html (last visited May 25, 2018).
[8] *Id.*

signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).[9]

102.   In response, the DOT again stated that "the certificate [charging the liability] is available to the motorist by request or at their court hearing."[10]

103.   Recognizing that the DOT's position does not comply with NYVTL Sections 1180-b(d) and 1180-b(g)(2), which require that the certificate charging the liability be provided with the Notice of Liability, Defendants subsequently articulated a new, but false, position that the language contained in the top-left corner of the Notice of Liability is the certificate charging the liability.

104.   To this end, in or about April of 2017, Defendants changed the heading on all Notices of Liability for alleged Speed Camera Violations from "Notice of Liability" to "Notice of Liability/Certificate Charging The Liability."

105.   However, review of the language contained the in the top-left corner of the Notices of Liability for alleged Speed Camera Violations is clearly not a certificate charging the liability. This is the same exact language that appeared in the previous version of the Notice of Liability that was clearly labeled solely as a "Notice of Liability."

---

[9] Spectrum News, *Councilman Calls on City to Refund Speed Camera Tickets*, available at http://www.ny1.com/nyc/all-boroughs/news/2017/03/23/councilman-calls-on-city-to-refund-speed-camera-tickets-.html (last visited May 25, 2018).
[10] *Id.*



106.    Nor is this language signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

107.    Rather than alter all Notices of Liability for alleged Speed Camera Violations to actually include a certificate charging the liability, Defendants merely added the words "Certificate Charging the Liability" and misrepresented that the issued Notices of Liability did contain a certificate charging the liability.

108.    Defendants intentionally engaged in this fraudulent misrepresentation so they would not have to admit that all issued Notices of Liability for alleged Speed Camera Violations

failed to contain a certificate charging the liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

109.    Defendants intentionally engaged in this fraudulent misrepresentation so they would not have to refund all the revenue they unlawfully obtained as a result of the patently invalid Notices of Liability.

110.    Upon information and belief, from August 30, 2013, through the present, many individuals contested their alleged Speed Camera Violations on the grounds that the issued Notice of Liability failed to contain a certificate charging the liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

111.    Upon information and belief, Defendant John and Jane Doe PVB ALJs entered guilty verdicts against many of these individuals, ignoring their valid claims.

112.    Upon information and belief, Defendant John and Jane Doe PVB ALJs ignored these valid claims so Defendants would not have to refund all the revenue they unlawfully obtained as a result of the patently invalid Notices of Liability.

113.    At no time did Defendants take any action to ensure that Notices of Liability issued for alleged Speed Camera Violations contained a certificate charging the liability, signed to or affirmed by a technician employed by the City of New York, as required pursuant to NYVTL Sections 1180-b(d) and 1180-b(g)(2).

114.    Upon information and belief, from August 30, 2013, through the present, many individuals contested their alleged Speed Camera Violations on the grounds that the issued Technician's Certificate was not signed and cannot be considered *prima facie* evidence of guilt, pursuant to of NYVTL Section 1180-b(d).

115.   Upon information and belief, from August 30, 2013, through the present, many individuals contested their alleged Speed Camera Violations on the grounds that the issued Technician's Certificate was not notarized and cannot be deemed valid.

116.   Upon information and belief, Defendant John and Jane Doe PVB ALJs entered guilty verdicts against many of these individuals, ignoring their valid claims.

117.   Upon information and belief, Defendant John and Jane Doe PVB ALJs ignored these valid claims so Defendants would not have to refund all the revenue they unlawfully obtained as a result of the legally insufficient Technician's Certificates.

118.   Upon information and belief, as with Plaintiff Pringle, Defendants altered or tampered with the issued Technician's Certificates by signing them at a later time so they would not have to refund all the revenue they unlawfully obtained as a result of the legally insufficient Technician's Certificates.

119.   Upon information and belief, Defendant John and Jane Doe PVB ALJs ignored Defendants' deceptive acts and practices so they would not have to refund all the revenue they unlawfully obtained as a result of the legally insufficient Technician's Certificates.

120.   At no time did Defendants take any action to ensure that the Technician's Certificates issued for alleged Speed Camera Violations were properly signed, as required pursuant to NYVTL Section 1180-b(d).

121.   At no time did Defendants take any action to ensure that the Technician's Certificates issued for alleged Speed Camera Violations were notarized and deemed valid.

122.   Upon information and belief, from August 30, 2013, through the present, many individuals contested their alleged Speed Camera Violations on the grounds that the issued Camera Log Report was not completed or signed by the operator of the Speed Camera and/or did not state that the "operator successfully performed" tests to ensure the Speed Camera's accuracy,

in violation of NYVTL Section 1180-b(a)(3).

123.   Upon information and belief, from August 30, 2013, through the present, many individuals contested their alleged Speed Camera Violations on the grounds that the issued Camera Log Report was not notarized and cannot be deemed valid.

124.   Upon information and belief, Defendant John and Jane Doe PVB ALJs entered guilty verdicts against many of these individuals, ignoring their valid claims.

125.   Upon information and belief, Defendant John and Jane Doe PVB ALJs ignored these valid claims so Defendants would not have to refund all the revenue they unlawfully obtained as a result of the patently invalid and legally insufficient Camera Log Reports.

126.   At no time did Defendants take any action to ensure that Camera Log Reports issued for alleged Speed Camera Violations were completed and signed by the operator of the Speed Camera and stated that the "operator successfully performed" tests to ensure the Speed Camera's accuracy, as required pursuant to NYVTL Section 1180-b(a)(3).

127.   At no time did Defendants take any action to ensure that the Camera Log Reports issued for alleged Speed Camera Violations were notarized and deemed valid.

**F.  Defendants have Engaged in a Repeated Pattern of Deceptive Practices**

128.   Defendants have repeatedly engaged in a similar pattern of deceptive practices.

129.   From April 20, 2017, until approximately September of 2017, Defendants issued and collected fines for alleged Muni Meter violations that did not exist. Defendants issued and collected fines for alleged violations of Section 4-08(h)(10) of the Rules of the City of New York with full knowledge that Section 4-08(h)(10) was previously repealed.

130.   On or about November 2, 2017, following the filing of a class action lawsuit,[11] the DOF partially refunded or dismissed approximately 507,668 invalid Muni Meter tickets, totaling

---

[11] *Jacob Stern* v. *City of New York*, 1:17-cv-04973 (E.D.N.Y. 2017).

approximately $26 million.[12]

131.    Commenting on the refund, New York City Comptroller Scott Stringer acknowledged that "the mistake is unacceptable and [] the Department of Finance has to get its act together."[13]

132.    According to Defendant Deputy Commissioner Shear, the approximate $26 million refund was the third time in 2017 that the DOF issued big ticket refunds.[14]

133.    Similarly, in or about May of 2016, the New York City Police Department admitted to issuing invalid tickets for parking in front of mid-block curb-cuts (graded ramps that slope from the sidewalk to the road) even though it had been legal since 2009.[15]

134.    In or about May of 2016, Defendants promised to refund approximately $4 million for the invalid curb-cut tickets.[16] However, as of May 2017, Defendants only issued two (2) refunds totaling $360.[17]

G.    **Plaintiffs and Class Members are Entitled to Full Refunds of the Civil Penalties and Associated Fees Incurred for Patently Invalid and Legally Insufficient Alleged Speed Camera Violations**

135.    At all relevant times, Defendants were aware that the DOT routinely issued patently invalid Notices of Liability for alleged Speed Camera Violations that did not contain a certificate charging the liability, signed to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

136.    At all relevant times, Defendants were aware that the DOT routinely issued

---

[12] CBS New York, *1010 WINS Exclusive: Parking Ticket Blunder Costs NYC $26 Million* (Nov. 13, 2017), available at http://newyork.cbslocal.com/2017/11/13/violation-code-parking-tickets-dismissed/ (last visited May 25, 2018).
[13] FOX 5, *Parking Ticket Goof Forces NYC to Refund Millions* (Nov. 14, 2017), available at http://www.fox5ny.com/news/nyc-parking-ticket-refund (last visited May 25, 2018).
[14] CBS New York, *1010 WINS Exclusive: Parking Ticket Blunder Costs NYC $26 Million* (Nov. 13, 2017), available at http://newyork.cbslocal.com/2017/11/13/violation-code-parking-tickets-dismissed/ (last visited May 25, 2018).
[15] New York Post, *City Fails on Promise to Refund $4M in Parking Tickets* (April 18, 2017), available at https://nypost.com/2017/04/18/city-fails-on-promise-to-refund-4m-in-parking-tickets/ (last visited May 25, 2018).
[16] *Id.*
[17] *Id.*

legally insufficient Technician's Certificates for alleged Speed Camera Violations that were not properly signed and cannot be considered *prima facie* evidence of guilt, pursuant to NYVTL Section 1180-b(d).

137.   At all relevant times, Defendants were aware that the DOT routinely issued patently invalid and legally insufficient Camera Log Reports for alleged Speed Camera Violations that were not completed or signed by the operator of the Speed Camera and did not state that the "operator successfully performed" tests to ensure the Speed Camera's accuracy, in violation of NYVTL Section 1180-b(a)(3).

138.   At all relevant times, Defendants were aware that the DOT routinely issued legally insufficient Technician's Certificates and Camera Log Reports for alleged Speed Camera Violations that were not notarized and cannot be deemed valid.

139.   Defendants failed to instruct the DOT to stop issuing patently invalid and/or legally insufficient Notices of Liability, Technician's Certificates and Camera Log Reports for alleged Speed Camera Violations. Rather, Defendants allowed the DOT to continue issuing patently invalid and/or legally insufficient Notices of Liability, Technician's Certificates and Camera Log Reports for alleged Speed Camera Violations.

140.   At all relevant times, Defendants were aware that Plaintiffs' and Class members' Notices of Liability, Technician's Certificates and Camera Log Reports for alleged Speed Camera Violations were patently invalid and/or legally insufficient.

141.   Defendants failed to notify Plaintiffs and Class members that their Notices of Liability, Technician's Certificates and Camera Log Reports issued for alleged Speed Camera Violations were patently invalid and/or legally insufficient.

142.   Defendants failed to, *sua sponte*, dismiss Plaintiffs' and Class members' alleged Speed Camera Violations. Defendants should have, *sua sponte*, dismissed Plaintiffs' and Class

33

members' alleged Speed Camera Violations because their issued Notices of Liability,
Technician's Certificates and Camera Log Reports were patently invalid and/or legally
insufficient and Defendants failed to meet their burden of establishing Plaintiffs' and Class
members' *prima facie* guilt.

143.    Defendants accepted Plaintiffs' and Class members' payments for alleged Speed
Camera Violations knowing that the issued Notices of Liability, Technician's Certificates and
Camera Log Reports were patently invalid and/or legally insufficient and that Defendants failed
to meet their burden of establishing Plaintiffs' and Class members' *prima facie* guilt.

144.    Defendants caused Plaintiffs and Class members to incur associated fees for
alleged Speed Camera Violations knowing that the issued Notices of Liability, Technician's
Certificates and Camera Log Reports were patently invalid and/or legally insufficient and that
Defendants failed to meet their burden of establishing Plaintiffs' and Class members' *prima facie*
guilt.

145.    Defendants failed to issue Plaintiffs and Class members full refunds of the
underlying statutory fines and applicable late fees paid as a result of the patently invalid and/or
legally insufficient Notices of Liability, Technician's Certificates and Camera Log Reports
issued for alleged Speed Camera Violations.

146.    Defendants failed to issue Plaintiffs and Class members full refunds of the
associated fees paid as a result of the patently invalid and/or legally insufficient Notices of
Liability, Technician's Certificates and Camera Log Reports issued for alleged Speed Camera
Violations, including but not limited to the 2.49% processing fee for remitting payment using a
credit or debit card, the $2.99 convenience fee for remitting payment in person at a 7-Eleven
store or the cost of postage for remitting payment by mail.

147.    Defendants failed to pay Plaintiffs and Class members interest for unlawfully

depriving them of all money paid for these civil penalties and associated fees.

148.    At the time Plaintiffs and Class members paid the fines and associated fees for their alleged Speed Camera Violations, Defendants falsely represented that the issued Notices of Liability were patently valid because they either contained a certificate charging the liability or were not required to contain a certificate charging the liability, signed to or affirmed by a technician employed by the City of New York.

149.    At the time Plaintiffs and Class members paid the fines and associated fees for their alleged Speed Camera Violations, Defendants falsely represented that the issued Technician's Certificates were legally sufficient and constituted *prima facie* evidence of guilt because they were either properly signed and notarized or were not required to be properly signed and notarized.

150.    At the time Plaintiffs and Class members paid the fines and associated fees for their alleged Speed Camera Violations, Defendants falsely represented that the issued Camera Log Reports were patently valid and legally sufficient because they: (1) were either completed and signed by the operator of the Speed Camera or were not required to be completed and signed by the operator of the Speed Camera; (2) were either notarized or were not required to be notarized; and (3) either stated that the "operator successfully performed" tests to ensure the Speed Camera's accuracy or were not required to state that the "operator successfully performed" tests to ensure the Speed Camera's accuracy.

151.    At the time Plaintiffs and Class members paid the fines and associated fees for their alleged Speed Camera Violations, Defendants falsely represented that they had met their burden of establishing Plaintiffs' and Class members' *prima facie* guilt.

152.    Plaintiffs and Class members paid the fines and associated fees for their alleged Speed Camera Violations out of fear of incurring late fees and other penalties for failing to remit

35

payment for their alleged violations.

153.    To the extent Plaintiffs and Class members pleaded guilty to their alleged Speed Camera Violations, Plaintiffs and Class members would not have done so but for Defendants' misrepresentations and/or omissions.

154.    Defendants engaged in the above-described actionable statements and/or omissions and/or concealments with knowledge that the representations were false and/or misleading, and with the intent that Plaintiffs and Class members rely upon such concealments, suppressions and omissions. Alternatively, Defendants were reckless in not knowing that these representations were false and misleading at the time they were made.

155.    Plaintiffs and Class members reasonably relied upon Defendants' misrepresentations and/or omissions. As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiffs and Class members have sustained economic injury by paying fines and associated fees for patently invalid and legally insufficient Speed Camera Violations.

156.    As Plaintiffs' and Class members' alleged Speed Camera Violations were patently invalid and legally insufficient, Plaintiff and Class members are entitled to full refunds, plus interest, of the civil penalties and associated fees paid for their alleged Speed Camera Violations even in the event that they violated NYVTL Section 1180-b.

## CLASS ALLEGATIONS

157.    Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

158.    Plaintiffs brings this action on behalf of themselves and on behalf of the following Classes pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and/or 23(b)(3):

> **National Class:** All persons in the United States who from August 30, 2013, to the present paid a fine and/or associated fee for allegedly violating NYVTL Section 1180-b that was not fully refunded by Defendants with interest.

> **New York Subclass:** All persons in New York who from August 30, 2013, to the

present paid a fine and/or associated fee for allegedly violating NYVTL Section 1180-b that was not fully refunded by Defendants with interest.

159.    Excluded from the Class are Defendants, their governing agencies, subsidiaries, affiliates, employees, officers and directors; any co-conspirators; federal governmental entities and instrumentalities of the federal government; states and their subdivisions, agencies and instrumentalities; any judicial officer presiding over this matter and the members of their immediate families and judicial staff; and Class counsel.

160.    Plaintiffs reserve the right to amend or modify the Class definitions in connection with a motion for Class certification or as warranted by discovery.

161.    This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria set forth in Federal Rule of Civil Procedure 23.

162.     Plaintiffs do not know the exact size of the proposed Class; however, Plaintiffs believe that the Class encompasses thousands of individuals who are dispersed throughout the United States and the State of New York. Therefore, the proposed Class is so numerous that joinder of all members is impracticable.

163.    The identity and address of each Class member can be readily ascertained through mass advertisement and should be in the possession of Defendants as they maintain traffic ticket records and mailed the patently invalid Notices of Liability to Plaintiffs and the proposed Class. Class members may be notified of the pendency of this action by mail and/or electronic mail and/or other electronic and social media means.

164.    There are questions of law and fact that are common to the Class and predominate over any questions affecting only individual members of the Class. The damages sustained by Plaintiffs and Class members arise from the common nucleus of operative facts surrounding Defendants' misconduct. The common questions include, but are not limited to:

a. Whether, pursuant to NYVYL Sections 1180-b(d) and 1180-b(g)(2), Notices of Liability issued for alleged Speed Camera Violations are not valid unless they contain a certificate charging the liability, signed to or affirmed by a technician employed by the City of New York;

b. whether, pursuant to NYVYL Section 1180-b(d), Technician's Certificates issued for alleged Speed Camera Violations are not legally sufficient and do not constitute *prima facie* evidence of the alleged violations unless they are signed;

c. whether, pursuant to NYVYL Section 1180-b(a)(3), Camera Log Reports issued for alleged Speed Camera Violations are not valid or legally sufficient unless they are completed and signed by the operator of the Speed Camera and/or state that the "operator successfully performed" tests to ensure the Speed Camera's accuracy;

d. whether Technician's Certificates and Camera Log Reports issued for alleged Speed Camera Violations are deemed invalid unless they are notarized;

e. whether Defendants routinely issued and collected fines for patently invalid and/or legally insufficient alleged Speed Camera Violations and did so without satisfying their burden of establishing Plaintiffs' and Class members' *prima facie* guilt as to the alleged violations;

f. whether Defendants falsely represented that Plaintiffs' and Class members' Notices of Liability issued for their alleged Speed Camera Violations were patently valid because they either contained a certificate charging the liability or were not required to contain a certificate charging the liability, signed to or affirmed by a technician employed by the City of New York;

g. whether Defendants falsely represented that Plaintiffs' and Class members' Technician's Certificates issued for their alleged Speed Camera Violations were legally sufficient and constituted *prima facie* evidence of guilt because they were either properly signed and notarized or were not required to be properly signed and notarized;

h. whether Defendants falsely represented that Plaintiffs' and Class members' Camera Log Reports issued for their alleged Speed Camera Violations were patently valid and/or legally sufficient because they: (1) were either completed and signed by the operator of the Speed Camera or were not required to be completed and signed by the operator of the Speed Camera; (2) were either notarized or were not required to be notarized; and/or (3) either stated that the "operator successfully performed" tests to ensure the Speed Camera's accuracy or were not required to state that the "operator successfully performed" tests to ensure the Speed Camera's accuracy;

i. whether Defendants falsely represented that Defendants satisfied their burden of establishing Plaintiffs' and Class members' *prima facie* guilt as to their alleged Speed Camera Violations;

j. whether Defendants engaged in these misrepresentations and/or omissions and/or concealments with knowledge that the representations were false and/or misleading, and with the intent that Plaintiff and Class members rely upon such concealments,

suppressions and omissions;

k.  whether Defendants should have known that these representations and/or omissions
and/or concealments were false and/or misleading or whether Defendants made
them without knowledge of their truth or veracity;

l.  whether Defendants deprived Plaintiff and Class members of their property without
due process of law;

m.  whether Defendants' conduct constitutes a violation of 42 U.S.C. § 1983;

n.  whether Defendants' conduct constitutes a violation of the Fourteenth Amendment
of the United States Constitution;

o.  whether Defendants' conduct constitutes a violation of Article 1, Section 6, of the
New York State Constitution;

p.  whether Defendants' conduct constitutes a violation of NYVTL Sections 1180-b(d)
and 1180-b(g)(2);

q.  whether Defendants' conduct constitutes a violation of NYVTL Section 1180-
b(a)(3);

r.  whether Defendants were unjustly enriched by collecting fines for patently invalid
and/or legally insufficient Speed Camera Violations and for doing so without
satisfying their burden of establishing Plaintiffs' and Class members' *prima facie*
guilt as to the alleged violations;

s.  whether, as a result of Defendants' misrepresentations and/or omissions of material
facts, Plaintiffs and members of the Class have suffered an ascertainable loss of
money and/or property and/or value; and

t.  whether Plaintiffs and Class members are entitled to monetary damages and/or
other remedies and, if so, the nature of any such relief.

165.    Plaintiffs' claims are typical of the claims of the Class since each Class member

was subject to the same deceptive practices and course of conduct. Furthermore, Plaintiffs and all

members of the Class sustained monetary damages including, but not limited to, ascertainable

loss arising out of Defendants' wrongful conduct. Plaintiffs are advancing the same claims and

legal theories on behalf of themselves and all absent Class members.

166.    Plaintiffs are committed to the vigorous prosecution of the Class' claims.

Plaintiffs will fairly and adequately represent the interests of the Class. No conflict of interest

exists between the representatives and the Class members or with respect to the claims for relief

requested.

167.     The representatives and their chosen attorneys are familiar with the subject matter

of the lawsuit and have full knowledge of the allegations contained in this complaint so as to be

able to assist in its prosecution. The representatives' attorneys are competent in the relevant areas

of the law, have sufficient experience to vigorously represent the Class and have the resources to

ensure that this litigation will not be hampered by a lack of financial capacity.

168.     A class action is superior to other methods for the fair and efficient adjudication

of this controversy. The damages suffered by each individual Class member do not justify the

burden and expense of individual prosecution of the complex and extensive litigation

necessitated by Defendants' conduct. Further, it would be virtually impossible for the members

of the Class to individually and effectively redress the wrongs done to them. A class action

regarding the issues in this case does not create any problems of manageability. The class action

device presents far fewer management difficulties than alternative methods of adjudication, and

provides the benefit of single adjudication, economy of scale and comprehensive supervision by

a single court.

169.     The Class may also be certified because:

   a.  the prosecution of separate actions by the individual members of the Class would
       create a risk of inconsistent or varying adjudication with respect to individual Class
       members, which would establish incompatible standards of conduct for Defendants;

   b.  the prosecution of separate actions by individual Class members would create a risk
       of adjudications with respect to them which would, as a practical matter, be
       dispositive of the interests of the other Class members not parties to the
       adjudications or substantially impair or impede the ability to protect their interests;
       and

   c.  Defendants have acted or refused to act on grounds generally applicable to the
       Class, thereby making appropriate final and injunctive relief with respect to the
       members of the Class as a whole.

## COUNT I
## DEPRIVATION OF RIGHTS IN VIOLATION OF 42 U.S.C. § 1983

170.    Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

171.    Defendants are persons within the meaning of 42 U.S.C. § 1983.

172.    Plaintiffs and Class members are citizens of the United States.

173.    At all times prior to and after the collection of fines from Plaintiffs, Defendants failed to provide Plaintiffs with a fair and reasonable opportunity to contest their alleged Speed Camera Violations in a meaningful manner.

174.    To the extent Plaintiffs and Class members pleaded guilty to their alleged Speed Camera Violations, Defendants' misrepresentations and/or omissions as to the issued Notices of Liability deprived Plaintiffs and Class members of the opportunity to make an informed and meaningful decision as to pleading guilty or contesting their alleged violations. By falsely representing that the issued Notices of Liability contained a certificate charging the liability, Defendants induced Plaintiffs and Class members not to seek, and deprived Plaintiffs of the opportunity to obtain, this meaningful evidence.

175.    To the extent Plaintiffs and Class members contested their alleged Speed Camera Violations on grounds other than NYVTL Sections 1180-b(d) and 1180-b(g)(2) and were found guilty, Defendants' misrepresentations and/or omissions as to the issued Notices of Liability deprived Plaintiffs and Class members of the opportunity to contest their alleged violations in a fair and meaningful manner. By falsely representing that the issued Notices of Liability contained a certificate charging the liability, Defendants induced Plaintiffs and Class members not to seek, and deprived Plaintiffs of the opportunity to obtain, this meaningful evidence.

176.    To the extent Plaintiffs and Class members contested their alleged Speed Camera Violations and were found guilty, Defendants John and Jane Doe PVB ALJs' misrepresentations

and/or omissions as to the issued Notices of Liability deprived Plaintiffs and Class members of the opportunity to contest their alleged violations in a fair and meaningful manner. By falsely representing that the issued Notices of Liability were patently valid because they either contained a certificate charging the liability or were not required to contain a certificate charging the liability, signed to or affirmed by a technician employed by the City of New York, Defendant John and Jane Doe PVB ALJs conducted sham proceedings whereby they disregarded NYVTL Sections 1180-b(d) and 1180-b(g)(2). Defendant John and Jane Doe PVB ALJs did so in order to insulate Defendants from having to refund all the revenue they unlawfully obtained as a result of the patently invalid Notices of Liability.

177.    To the extent Plaintiffs and Class members contested their alleged Speed Camera Violations and were found guilty, Defendants John and Jane Doe PVB ALJs' misrepresentations and/or omissions as to the issued Technician's Certificates deprived Plaintiffs and Class members of the opportunity to contest their alleged violations in a fair and meaningful manner. By falsely representing that the issued Technician's Certificates were legally sufficient and constituted *prima facie* evidence of guilt because they were either properly signed and notarized or were not required to be properly signed and notarized, Defendant John and Jane Doe PVB ALJs conducted sham proceedings whereby they: (1) disregarded NYVTL Section 1180-b(d); (2) disregarded the New York Civil Practice Law and Rules; (3) permitted the tampering of evidence whereby the issued Technician's Certificates were not signed at the time they were issued; (4) deprived Plaintiffs and Class members of the meaningful opportunity to face their accuser; and (5) disregarded Defendants' failure to meet their burden of establishing Plaintiffs' and Class members' *prima facie* guilt as to the alleged Speed Camera Violations. Defendant John and Jane Doe PVB ALJs did so in order to insulate Defendants from having to refund all the revenue they unlawfully obtained as a result of the legally insufficient Technician's

42

Certificates.

178.    To the extent Plaintiffs and Class members contested their alleged Speed Camera Violations and were found guilty, Defendants John and Jane Doe PVB ALJs' misrepresentations and/or omissions as to the issued Camera Log Reports deprived Plaintiffs and Class members of the opportunity to contest their alleged violations in a fair and meaningful manner. By falsely representing that the issued Camera Log Reports were patently valid and legally sufficient because they: (1) were either completed and signed by the operator of the Speed Camera or were not required to be completed and signed by the operator of the Speed Camera; (2) were either notarized or were not required to be notarized; and (3) either stated that the "operator successfully performed" tests to ensure the Speed Camera's accuracy or were not required to state that the "operator successfully performed" tests to ensure the Speed Camera's accuracy, Defendant John and Jane Doe PVB ALJs conducted sham proceedings whereby they: (1) disregarded NYVTL Section 1180-b(a)(3); (2) disregarded the New York Civil Practice Law and Rules; and (3) deprived Plaintiffs and Class members of the meaningful opportunity to face their accuser. Defendant John and Jane Doe PVB ALJs did so in order to insulate Defendants from having to refund all the revenue they unlawfully obtained as a result of the patently invalid and legally insufficient Camera Log Reports.

179.    To the extent Plaintiffs and Class members pleaded guilty to a second or subsequent alleged Speed Camera Violation after contesting a previous alleged violation, Defendants' misrepresentations and/or omissions as to the validity and/or legal sufficiency of the issued Notices of Liability, Technician's Certificates and Camera Log Reports induced Plaintiffs and Class members to plead guilty knowing that they would be unable to contest their alleged Speed Camera Violations in a meaningful manner through sham review proceedings.

180.    Defendants' collection of civil penalties without providing Plaintiffs and Class

members with the opportunity to contest their alleged Speed Camera Violations in a meaningful manner deprived them of their property without due process, as guaranteed under the Constitution and laws of the United States. Plaintiffs and Class members were further deprived of due process when they incurred additional fees associated with the patently invalid and legally insufficient Speed Camera Violations.

181.    In the event Plaintiffs and Class members did not exhaust all of their procedural remedies prior to filing or joining this class action lawsuit, they were not required to engage in frivolous sham review proceedings that do not uphold the Constitution and laws of the United States and State of New York

182.    As a result of Defendants' deceptive acts and practices, Plaintiffs and Class members are entitled to legal and equitable relief, including damages, pre-judgement and post-judgement interest, costs, attorneys' fees and/or other relief as deemed appropriate.

## COUNT II
### DEPRIVATION OF DUE PROCESS IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

183.    Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

184.    Plaintiffs and Class members are persons within the meaning of the Fourteenth Amendment to the United States Constitution.

185.    Plaintiffs and Class members are citizens of the United States.

186.    At all times prior to and after the collection of fines from Plaintiffs, Defendants failed to provide Plaintiffs with a fair and reasonable opportunity to contest their alleged Speed Camera Violations in a meaningful manner.

187.    To the extent Plaintiffs and Class members pleaded guilty to their alleged Speed Camera Violations, Defendants' misrepresentations and/or omissions as to the issued Notices of Liability deprived Plaintiffs and Class members of the opportunity to make an informed and

meaningful decision as to pleading guilty or contesting their alleged violations. By falsely representing that the issued Notices of Liability contained a certificate charging the liability, Defendants induced Plaintiffs and Class members not to seek, and deprived Plaintiffs of the opportunity to obtain, this meaningful evidence.

188.   To the extent Plaintiffs and Class members contested their alleged Speed Camera Violations on grounds other than NYVTL Sections 1180-b(d) and 1180-b(g)(2) and were found guilty, Defendants' misrepresentations and/or omissions as to the issued Notices of Liability deprived Plaintiffs and Class members of the opportunity to contest their alleged violations in a fair and meaningful manner. By falsely representing that the issued Notices of Liability contained a certificate charging the liability, Defendants induced Plaintiffs and Class members not to seek, and deprived Plaintiffs of the opportunity to obtain, this meaningful evidence.

189.   To the extent Plaintiffs and Class members contested their alleged Speed Camera Violations and were found guilty, Defendants John and Jane Doe PVB ALJs' misrepresentations and/or omissions as to the issued Notices of Liability deprived Plaintiffs and Class members of the opportunity to contest their alleged violations in a fair and meaningful manner. By falsely representing that the issued Notices of Liability were patently valid because they either contained a certificate charging the liability or were not required to contain a certificate charging the liability, signed to or affirmed by a technician employed by the City of New York, Defendant John and Jane Doe PVB ALJs conducted sham proceedings whereby they disregarded NYVTL Sections 1180-b(d) and 1180-b(g)(2). Defendant John and Jane Doe PVB ALJs did so in order to insulate Defendants from having to refund all the revenue they unlawfully obtained as a result of the patently invalid Notices of Liability.

190.   To the extent Plaintiffs and Class members contested their alleged Speed Camera Violations and were found guilty, Defendants John and Jane Doe PVB ALJs' misrepresentations

and/or omissions as to the issued Technician's Certificates deprived Plaintiffs and Class members of the opportunity to contest their alleged violations in a fair and meaningful manner. By falsely representing that the issued Technician's Certificates were legally sufficient and constituted *prima facie* evidence of guilt because they were either properly signed and notarized or were not required to be properly signed and notarized, Defendant John and Jane Doe PVB ALJs conducted sham proceedings whereby they: (1) disregarded NYVTL Section 1180-b(d); (2) disregarded the New York Civil Practice Law and Rules; (3) permitted the tampering of evidence whereby the issued Technician's Certificates were not signed at the time they were issued; (4) deprived Plaintiffs and Class members of the meaningful opportunity to face their accuser; and (5) disregarded Defendants' failure to meet their burden of establishing Plaintiffs' and Class members' *prima facie* guilt as to the alleged Speed Camera Violations. Defendant John and Jane Doe PVB ALJs did so in order to insulate Defendants from having to refund all the revenue they unlawfully obtained as a result of the legally insufficient Technician's Certificates.

191.    To the extent Plaintiffs and Class members contested their alleged Speed Camera Violations and were found guilty, Defendants John and Jane Doe PVB ALJs' misrepresentations and/or omissions as to the issued Camera Log Reports deprived Plaintiffs and Class members of the opportunity to contest their alleged violations in a fair and meaningful manner. By falsely representing that the issued Camera Log Reports were patently valid and legally sufficient because they: (1) were either completed and signed by the operator of the Speed Camera or were not required to be completed and signed by the operator of the Speed Camera; (2) were either notarized or were not required to be notarized; and (3) either stated that the "operator successfully performed" tests to ensure the Speed Camera's accuracy or were not required to state that the "operator successfully performed" tests to ensure the Speed Camera's accuracy,

Defendant John and Jane Doe PVB ALJs conducted sham proceedings whereby they: (1) disregarded NYVTL Section 1180-b(a)(3); (2) disregarded the New York Civil Practice Law and Rules; and (3) deprived Plaintiffs and Class members of the meaningful opportunity to face their accuser. Defendant John and Jane Doe PVB ALJs did so in order to insulate Defendants from having to refund all the revenue they unlawfully obtained as a result of the patently invalid and legally insufficient Camera Log Reports.

192.    To the extent Plaintiffs and Class members pleaded guilty to a second or subsequent alleged Speed Camera Violation after contesting a previous alleged violation, Defendants' misrepresentations and/or omissions as to the validity and/or legal sufficiency of the issued Notices of Liability, Technician's Certificates and Camera Log Reports induced Plaintiffs and Class members to plead guilty knowing that they would be unable to contest their alleged Speed Camera Violations in a meaningful manner through sham review proceedings.

193.    Defendants' collection of civil penalties without providing Plaintiffs and Class members with the opportunity to contest their alleged Speed Camera Violations in a meaningful manner deprived them of their property without due process, as guaranteed under the Constitution and laws of the United States. Plaintiffs and Class members were further deprived of due process when they incurred additional fees associated with the patently invalid and legally insufficient Speed Camera Violations.

194.    In the event Plaintiffs and Class members did not exhaust all of their procedural remedies prior to filing or joining this class action lawsuit, they were not required to engage in frivolous sham review proceedings that do not uphold the Constitution and laws of the United States and State of New York

195.    As a result of Defendants' deceptive acts and practices, Plaintiffs and Class members are entitled to legal and equitable relief, including damages, pre-judgement and post-

judgement interest, costs, attorneys' fees and/or other relief as deemed appropriate.

**COUNT III**

**DEPRIVATION OF DUE PROCESS IN VIOLATION OF ARTICLE 1, SECTION 6, OF THE NEW YORK STATE CONSTITUTION**

196.     Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

197.     Plaintiffs and Class members are persons within the meaning of Article 1, Section 6, of the New York State Constitution.

198.     Plaintiffs and Class members are citizens of the United States.

199.     At all times prior to and after the collection of fines from Plaintiffs, Defendants failed to provide Plaintiffs with a fair and reasonable opportunity to contest their alleged Speed Camera Violations in a meaningful manner.

200.     To the extent Plaintiffs and Class members pleaded guilty to their alleged Speed Camera Violations, Defendants' misrepresentations and/or omissions as to the issued Notices of Liability deprived Plaintiffs and Class members of the opportunity to make an informed and meaningful decision as to pleading guilty or contesting their alleged violations. By falsely representing that the issued Notices of Liability contained a certificate charging the liability, Defendants induced Plaintiffs and Class members not to seek, and deprived Plaintiffs of the opportunity to obtain, this meaningful evidence.

201.     To the extent Plaintiffs and Class members contested their alleged Speed Camera Violations on grounds other than NYVTL Sections 1180-b(d) and 1180-b(g)(2) and were found guilty, Defendants' misrepresentations and/or omissions as to the issued Notices of Liability deprived Plaintiffs and Class members of the opportunity to contest their alleged violations in a fair and meaningful manner. By falsely representing that the issued Notices of Liability contained a certificate charging the liability, Defendants induced Plaintiffs and Class members not to seek, and deprived Plaintiffs of the opportunity to obtain, this meaningful evidence.

202.    To the extent Plaintiffs and Class members contested their alleged Speed Camera Violations and were found guilty, Defendants John and Jane Doe PVB ALJs' misrepresentations and/or omissions as to the issued Notices of Liability deprived Plaintiffs and Class members of the opportunity to contest their alleged violations in a fair and meaningful manner. By falsely representing that the issued Notices of Liability were patently valid because they either contained a certificate charging the liability or were not required to contain a certificate charging the liability, signed to or affirmed by a technician employed by the City of New York, Defendant John and Jane Doe PVB ALJs conducted sham proceedings whereby they disregarded NYVTL Sections 1180-b(d) and 1180-b(g)(2). Defendant John and Jane Doe PVB ALJs did so in order to insulate Defendants from having to refund all the revenue they unlawfully obtained as a result of the patently invalid Notices of Liability.

203.    To the extent Plaintiffs and Class members contested their alleged Speed Camera Violations and were found guilty, Defendants John and Jane Doe PVB ALJs' misrepresentations and/or omissions as to the issued Technician's Certificates deprived Plaintiffs and Class members of the opportunity to contest their alleged violations in a fair and meaningful manner. By falsely representing that the issued Technician's Certificates were legally sufficient and constituted *prima facie* evidence of guilt because they were either properly signed and notarized or were not required to be properly signed and notarized, Defendant John and Jane Doe PVB ALJs conducted sham proceedings whereby they: (1) disregarded NYVTL Section 1180-b(d); (2) disregarded the New York Civil Practice Law and Rules; (3) permitted the tampering of evidence whereby the issued Technician's Certificates were not signed at the time they were issued; (4) deprived Plaintiffs and Class members of the meaningful opportunity to face their accuser; and (5) disregarded Defendants' failure to meet their burden of establishing Plaintiffs' and Class members' *prima facie* guilt as to the alleged Speed Camera Violations. Defendant

49

John and Jane Doe PVB ALJs did so in order to insulate Defendants from having to refund all the revenue they unlawfully obtained as a result of the legally insufficient Technician's Certificates.

204.    To the extent Plaintiffs and Class members contested their alleged Speed Camera Violations and were found guilty, Defendants John and Jane Doe PVB ALJs' misrepresentations and/or omissions as to the issued Camera Log Reports deprived Plaintiffs and Class members of the opportunity to contest their alleged violations in a fair and meaningful manner. By falsely representing that the issued Camera Log Reports were patently valid and legally sufficient because they: (1) were either completed and signed by the operator of the Speed Camera or were not required to be completed and signed by the operator of the Speed Camera; (2) were either notarized or were not required to be notarized; and (3) either stated that the "operator successfully performed" tests to ensure the Speed Camera's accuracy or were not required to state that the "operator successfully performed" tests to ensure the Speed Camera's accuracy, Defendant John and Jane Doe PVB ALJs conducted sham proceedings whereby they: (1) disregarded NYVTL Section 1180-b(a)(3); (2) disregarded the New York Civil Practice Law and Rules; and (3) deprived Plaintiffs and Class members of the meaningful opportunity to face their accuser. Defendant John and Jane Doe PVB ALJs did so in order to insulate Defendants from having to refund all the revenue they unlawfully obtained as a result of the patently invalid and legally insufficient Camera Log Reports.

205.    To the extent Plaintiffs and Class members pleaded guilty to a second or subsequent alleged Speed Camera Violation after contesting a previous alleged violation, Defendants' misrepresentations and/or omissions as to the validity and/or legal sufficiency of the issued Notices of Liability, Technician's Certificates and Camera Log Reports induced Plaintiffs and Class members to plead guilty knowing that they would be unable to contest their alleged

Speed Camera Violations in a meaningful manner through sham review proceedings.

206.    Defendants' collection of civil penalties without providing Plaintiffs and Class members with the opportunity to contest their alleged Speed Camera Violations in a meaningful manner deprived them of their property without due process, as guaranteed under the Constitution and laws of the State of New York. Plaintiffs and Class members were further deprived of due process when they incurred additional fees associated with the patently invalid and legally insufficient Speed Camera Violations.

207.    In the event Plaintiffs and Class members did not exhaust all of their procedural remedies prior to filing or joining this class action lawsuit, they were not required to engage in frivolous sham review proceedings that do not uphold the Constitution and laws of the United States and State of New York

208.    As a result of Defendants' deceptive acts and practices, Plaintiffs and Class members are entitled to legal and equitable relief, including damages, pre-judgement and post-judgement interest, costs, attorneys' fees and/or other relief as deemed appropriate.

## <u>COUNT IV</u>
## VIOLATION OF NYVTL SECTIONS 1180-b(d) AND 1180-b(g)(2)

209.    Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

210.    NYVTL Sections 1180-b(d) and 1180-b(g)(2) require that all issued Notices of Liability for alleged Speed Camera Violations must contain a certificate charging the liability sworn to or affirmed by a technician employed by the City of New York.

211.    At all relevant times, Defendants issued and collected fines for patently invalid Notices of Liability alleging Speed Camera Violations that did not contain a certificate charging the liability, sworn to or affirmed by a technician employed by the City of New York, in violation of NYVTL Sections 1180-b(d) and 1180-b(g)(2).

212.    As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiffs and Class members have sustained economic injury by paying fines and associated fees for patently invalid Notices of Liability alleging Speed Camera Violations.

213.    As a result of Defendants' deceptive acts and practices, Plaintiffs and Class members are entitled to legal and equitable relief, including damages, pre-judgement and post-judgement interest, costs, attorneys' fees and/or other relief as deemed appropriate.

<u>COUNT V</u>
**VIOLATION OF NYVTL SECTION 1180-b(a)(3)**

214.    Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

215.    NYVTL Section 1180-b(a)(3) requires that all issued Camera Log Reports for alleged Speed Camera Violations must be completed and signed by the operator of the Speed Camera and state that the "operator successfully performed" tests to ensure the Speed Camera's accuracy.

216.    At all relevant times, Defendants collected fines for alleged Speed Camera Violations predicated upon patently invalid and legally insufficient Camera Log Reports that were not completed or signed by the operator of the Speed Camera and did not state that the "operator successfully performed" tests to ensure the Speed Camera's accuracy, in violation of NYVTL Section 1180-b(a)(3).

217.    As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiffs and Class members have sustained economic injury by paying fines and associated fees for alleged Speed Camera Violations predicated upon patently invalid and legally insufficient Camera Log Reports.

218.    As a result of Defendants' deceptive acts and practices, Plaintiffs and Class members are entitled to legal and equitable relief, including damages, pre-judgement and post-

judgement interest, costs, attorneys' fees and/or other relief as deemed appropriate.

**COUNT VI**
**FRAUDULENT CONCEALMENT / FRAUDULENT INDUCEMENT**

219.    Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

220.    At all relevant times, Defendants falsely represented that Plaintiffs' and Class members' alleged Speed Camera Violations were patently valid and legally sufficient and that Defendants satisfied their burden of establishing Plaintiffs' and Class members' *prima facie* guilt as to the alleged violations.

221.    Defendants engaged in the above-described actionable statements and/or omissions and/or concealments with knowledge that the representations were false and/or misleading, and with the intent that Plaintiffs and Class members rely upon such concealments, suppressions and omissions.

222.    Defendants had, and continue to have, a duty to inform Plaintiffs and Class members that their alleged Speed Camera Violations were patently invalid and legally insufficient and that Defendants failed to satisfy their burden of establishing Plaintiffs' and Class members' *prima facie* guilt as to the alleged violations.

223.    That Plaintiffs' and Class members' alleged Speed Camera Violations were patently invalid and legally insufficient and that Defendants failed to satisfy their burden of establishing Plaintiffs' and Class members' *prima facie* guilt as to the alleged violations is material information that Defendants had, and continue to have, a duty to disclose to those remitting payment and/or associated fees for the alleged violations.

224.    Based upon Defendants' false representations and/or omissions and/or concealments of these material facts, Defendants induced Plaintiffs and Class members to rely upon Defendants' misrepresentations and/or omissions and to remit payment and associated fees

53

for patently invalid and legally insufficient alleged Speed Camera Violations.

225.    Plaintiffs and Class members reasonably relied upon Defendants' misrepresentations and/or omissions. As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiffs and Class members have sustained economic injury by paying fines and associated fees for patently invalid and legally insufficient alleged Speed Camera Violations.

226.    As a result of Defendants' deceptive acts and practices, Plaintiffs and Class members are entitled to legal and equitable relief, including damages, pre-judgement and post-judgement interest, costs, attorneys' fees and/or other relief as deemed appropriate.

<u>COUNT VII</u>
**NEGLIGENT MISREPRESENTATION**

227.    Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

228.    At all relevant times, Defendants falsely represented that Plaintiffs' and Class members' alleged Speed Camera Violations were patently valid and legally sufficient and that Defendants satisfied their burden of establishing Plaintiffs' and Class members' *prima facie* guilt as to the alleged violations.

229.    At the time Defendants made these representations to Plaintiffs and Class members, Defendants should have known that these representations were false or that Defendants made them without knowledge of their truth or veracity. Defendants were reckless in making these false representations.

230.    Defendants had, and continue to have, a duty to inform Plaintiffs and Class members that their alleged Speed Camera Violations were patently invalid and legally insufficient and that Defendants failed to satisfy their burden of establishing Plaintiffs' and Class members' *prima facie* guilt as to the alleged violations.

231.    That Plaintiffs' and Class members' alleged Speed Camera Violations were

patently invalid and legally insufficient and that Defendants failed to satisfy their burden of establishing Plaintiffs' and Class members' *prima facie* guilt as to the alleged violations is material information that Defendants had, and continue to have, a duty to disclose to those remitting payment and/or associated fees for the alleged violations.

232.    Based upon Defendants' negligent misrepresentations and/or omissions and/or concealments of these material facts, Defendants induced Plaintiffs and Class members to rely upon Defendants' misrepresentations and/or omissions and to remit payment and associated fees for patently invalid and legally insufficient alleged Speed Camera Violations.

233.    Plaintiffs and Class members reasonably relied upon Defendants' misrepresentations and/or omissions. As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiffs and Class members have sustained economic injury by paying fines and associated fees for patently invalid and legally insufficient Notices of Liability alleging Speed Camera Violations.

234.    As a result of Defendants' deceptive acts and practices, Plaintiffs and Class members are entitled to legal and equitable relief, including damages, pre-judgement and post-judgement interest, costs, attorneys' fees and/or other relief as deemed appropriate.

## COUNT VIII
## UNJUST ENRICHMENT

235.    Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

236.    Plaintiffs and Class members have conferred substantial benefits on Defendants by paying for alleged Speed Camera Violations that were patently invalid and legally insufficient and without Defendants satisfying their burden of establishing *prima facie* guilt as to the alleged violations. Defendants have knowingly and willingly accepted and enjoyed these benefits. Defendants continue to knowingly and willingly accept and enjoy these benefits.

237.    Defendants knew or should have known that the payments tendered by Plaintiffs and the Class members were given and received with the expectation that their alleged Speed Camera Violations were patently valid and legally sufficient and that Defendants satisfied their burden of establishing *prima facie* guilt as to the alleged violations. For Defendants to retain the benefit of the payments under these circumstances is inequitable.

238.    Defendants unlawfully retained money belonging to Plaintiffs and Class members.

239.    Defendants have been unjustly enriched through their retention of money belonging to Plaintiffs and Class members.

240.    Plaintiffs and Class members are entitled to restitution as it is unjust and inequitable for Defendants to retain such money based on the unlawful conduct described above. Such money belongs in good conscience to Plaintiffs and Class members.

241.    As a direct and proximate result of Defendants' wrongful conduct and unjust enrichment, Plaintiffs and Class members are entitled to restitution from and institution of a constructive trust disgorging all profits, benefits and other compensation obtained by Defendants through this inequitable conduct.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request relief against Defendants as set forth below:

    a.  An award of damages, including actual, general, special, incidental, statutory, punitive, treble and consequential, in an amount to be determined at trial;

    b.  Notice to the Class of this action;

    c.  An injunction against Defendants prohibiting Defendants from continued unlawful practices, policies and patterns as set forth herein;

    d.  Appoint Plaintiffs as the representatives of the Class and their counsel as Class

counsel;

e.  Pre-judgment and post-judgment interest as provided by law;

f.  Reasonable attorneys' fees and costs; and

g.  Such other and further relief that this Court deems appropriate.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all issues so triable.

Dated: New York, New York
       May 31, 2018

                                    Respectfully Submitted,


                                    IMBESI LAW P.C.

                                    /s/ *Israel Klein*
                                    Israel Klein, Esq.
                                    450 Seventh Avenue, Suite 1408
                                    New York, New York 10123
                                    Tel. (646) 767-2265
                                    Fax. (212) 658-9177
                                    Israel@lawicm.com