

Israel Klein, Esq.
Direct Dial: (646) 767-2265
Facsimile: (212) 658-9177
E-mail: Israel@lawicm.com

June 19, 2018

**VIA ECF**

Hon. Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Muladzhanov* v. *City of New York, et. al.*,
      Case No.: 18-CV-00930 (RRM-ST)

Dear Judge Mauskopf:

Our firm represents the Plaintiffs Abram Muladzhanov ("Mr. Muladzhanov"), Binyamin Schwartz ("Mr. Schwartz") and George Pringle ("Mr. Pringle") (collectively, "Plaintiffs") and submits this letter in response to Defendants the City of New York's ("NYC"), Commissioner Polly Trottenberg's ("Commissioner Trottenberg"), Commissioner Jacques Jiha's ("Commissioner Jiha"), Deputy Commissioner Jeffrey Shear's ("Deputy Commissioner Shear"), John and Jane Doe New York City employees' ("NYC Employees"), John and Jane Doe New York City Department of Transportation employees' ("DOT Employees"), John and Jane Doe New York City Department of Finance employees' ("DOF Employees"), John and Jane Doe New York City Parking Violations Bureau employees' ("PVB Employees") and John and Jane Doe New York City Parking Violations Bureau Administrative Law Judges' ("PVB ALJ") (collectively, "Defendants") letter requesting a pre-motion conference to file a motion to dismiss (Doc. No. 19).

Plaintiffs' Amended Complaint challenges the legality of Defendants' use of photo speed violation monitoring systems ("Speed Cameras") to ticket drivers allegedly speeding in school zones. Defendants' use of Speed Cameras is authorized pursuant to Section 1180-b of the New York Vehicle and Traffic Law ("NYVTL") as long as the statute's various requirements are met. However, Defendants knowingly failed to comply with NYVTL Sections 1180-b(a)(3), 1180-b(d) and 1180-b(g)(2).

> (1) Pursuant NYVTL Section 1180-b(a)(3), "[o]perators of photo speed violation monitoring systems . . . shall complete and sign a daily set-up log for each such system that he or she operates that . . . states that such operator successfully performed, and the system passed, the self-tests of such system before producing a recorded image that day." At all relevant times, Speed Camera operators failed to complete or sign daily set-up logs and state that the operator successfully performed tests to ensure the Speed Camera's accuracy. Pls. Amend. Compl. at ¶ 5. Further, at all relevant times, the daily set-up logs were not notarized and cannot be deemed valid.

(2) Pursuant to NYVTL Section 1180-b(d), "[a] certificate, sworn to or affirmed by a technician employed by the City of New York, . . . shall be prima facie evidence of the facts contained therein." At all relevant times, Defendants relied upon issued Technician's Certificates as *prima facie* evidence of the alleged violations even though they were not properly signed at the time they were issued.[1] Pls. Amend. Compl. at ¶ 4. Further, at all relevant times, the Technician's Certificates were not notarized and cannot be deemed valid.

(3) Pursuant to NYVTL Section 1180-b(g)(2), Notices of Liability issued for alleged Speed Camera violations must contain "the certificate charging the liability." NYVTL Section 1180-b(d) defines a certificate charging the liability as "[a] certificate, sworn to or affirmed by a technician employed by the City of New York." At all relevant times, Defendants issued Notices of Liability that failed to contain a certificate charging the liability. Pls. Amend. Compl. at ¶ 3.

Defendants request leave from the Court to file a motion to dismiss Plaintiffs' Amended Complaint alleging that: (1) Plaintiffs Muladzhanov and Schwartz "waived their rights to challenge these speed camera violations when they admitted liability and paid the associated fines;" (2) Plaintiffs' procedural due process claims fail because they "were provided constitutionally adequate process at both the administrative and state level;" and (3) Plaintiffs' state law claims fail because they did not exhaust their administrative remedies. Defs. Pre-Motion Letter at P. 2-3.

The case law cited by Defendants to support their claims are distinguishable from the present matter. Here, Defendants actively misled Plaintiffs and proposed Class members about the validity of their issued Notices of Liability by falsely stating on the face of the Notices that they contained a certificate charging the liability. Pls. Amend. Compl. at ¶¶ 56-59, 69-72, 82-83, 98-109, 148, 154, 174-176, 179-182. Defendants also tampered with the unsigned Technician's Certificates issued to Plaintiffs and proposed class members by signing them at a later date after Plaintiffs and proposed Class members requested a hearing to challenge their alleged violations. *Id.* at ¶¶ 62-64, 75-77, 84, 91-94, 114, 118-121, 149, 154, 177, 179-182.

Further, Defendants intentionally ignored the requirements of the NYVTL and New York law by failing to dismiss Plaintiffs' and proposed Class members' alleged Speed Camera violations where: (1) their issued Notices of Liability failed to contain a certificate charging the liability; (2) their issued Technician's Certificates were not properly signed and could not be considered *prima facie* evidence of guilt; (3) their issued daily set-up logs were not completed or signed by the Speed Camera operator and did not state that the operator successfully performed tests to ensure the Speed Camera's accuracy; and (4) their issued Technician's Certificates and daily set-up logs were not notarized and cannot be deemed valid. *Id.* at ¶¶ 110-127, 135-156, 174-182.

---

[1] Upon information and belief, it is the Department of Transportation's ("DOT") common practice not to sign Technician's Certificates issued for alleged Speed Camera violations. In the event that an individual contests an alleged Speed Camera violation, a DOT technician then alters or tampers with the issued Technician's Certificate by signing it at a later time. *See* Pls. Amend. Compl. at ¶ 93.

Defendants intentionally engaged in these deceptive practices and ignored the requirements of the NYVTL and New York law so they would not have to refund all the revenue they unlawfully obtained as a result of the patently invalid and/or legally insufficient alleged Speed Camera violations. *Id.* at ¶¶ 112, 117, 119, 125.

Taking Plaintiffs' allegations as true, Plaintiffs have pleaded sufficient facts to overcome Defendants' proposed motion to dismiss. *See Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 127 (2007) (plaintiff must plead enough facts to state a claim for relief that is plausible on its face); *Erickson* v. *Pardus*, 551 U.S. 89, 93 (2007) (the pleading of specific facts is not required . . . a complaint need only give the defendant "fair notice" of the claim and the grounds upon which it rests); *Villager Pond, Inc.* v. *Town of Darien,* 56 F. 3d 375, 378 (2d Cir. 1995) (the issue is not whether a plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims); *Bolt Electric Inc.,* v. *City of New York,* 53 F. 3d 465, 469 (2d Cir. 1995) (in reviewing a motion to dismiss, the Court must accept the factual allegations as true and draw all reasonable inferences in favor of the plaintiff).

For the foregoing reasons, the Court should deny Defendants' request for a pre-motion conference to file a motion to dismiss. In the event that the Court wishes to schedule a pre-motion conference to further discuss this matter, please be advised that counsel for Plaintiffs will be out of state from June 28, 2018, through July 6, 2018.

Respectfully submitted,

/s/ *Israel Klein*
Israel Klein, Esq.