UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ABRAM MULADZHANOV, BINYAMIN SCHWARTZ,
and GEORGE PRINGLE, individually, and on behalf of
all others similarly situated,

                       Plaintiffs,                          **MEMORANDUM & ORDER**

    -against-                                           18-CV-00930 (RRM) (ST)

THE CITY OF NEW YORK, COMMISSIONER POLLY
TROTTENBERG, in her individual and personal capacity,
COMMISSIONER JACQUES JIHA, in his individual and
personal capacity, DEPUTY COMMISSIONER JEFFREY
SHEAR, in his individual and personal capacity, JOHN and
JANE DOE CITY OF NEW YORK EMPLOYEES, JOHN
and JANE DOE NEW YORK CITY DEPARTMENT OF
TRANSPORTATION EMPLOYEES, JOHN and JANE
DOE NEW YORK CITY DEPARTMENT OF FINANCE
EMPLOYEES, JOHN and JANE DOE NEW YORK CITY
PARKING VIOLATIONS BUREAU EMPLOYEES and
JOHN and JANE DOE PARKING VIOLATIONS
BUREAU ADMINISTRATIVE LAW JUDGES,

                       Defendants.
------------------------------------------------------------------------X
**STEVEN L. TISCIONE, United States Magistrate Judge:**

       On February 12, 2018, Plaintiffs Muladzhanov, Schwartz, and Pringle, individually and on behalf of a putative class, brought this action against the City of New York ("City") and others in their individual capacity including Commissioner Trottenberg, Commissioner Jacques Jiha, Deputy Commissioner Shear, City of New York Employees ("City Employees"), Department of Transportation Employees ("DOT Employees"), Department of Finance Employees ("DOF Employees"), Parking Violations Bureau Employees ("PVB Employees"), and Parking Violations Bureau Administrative Law Judges ("PVB ALJs") (collectively, "Defendants"), alleging violations of federal and state laws in connection with the Defendants'

operation and enforcement of Speed Camera systems. Complaint ("Compl."), ECF No. 1. Plaintiffs amended their complaint on May 31, 2018. Am. Compl., ECF No. 18. On June 14, 2019, the City of New York ("City"), Commissioner Polly Trottenberg, Commissioner Jacques Jiha, and Deputy Commissioner Jeffrey Shear moved to dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Motion to Dismiss for Failure to State a Claim ("Defs.' Mot. to Dismiss"), ECF No. 30. Parties have consented to a disposition by a Magistrate Judge regarding this motion, in accordance with 28 U.S.C. §636(c). *See* Consent to Magistrate Judge Disposition, ECF No. 27. For the reasons discussed herein, the Defendants' Motion to Dismiss is GRANTED. Accordingly, Plaintiffs' Amended Complaint is DISMISSED in its entirety WITHOUT PREJUDICE.

## FACTUAL BACKGROUND

Unless otherwise indicated, all statements in this section are based on allegations in the Plaintiffs' Amended Complaint and exhibits attached thereto.

### *Speed Camera Systems and Enforcement*

The City of New York utilizes hundreds of fixed and mobile speed monitoring systems ("Speed Cameras") to enforce vehicular speed limits in school zones throughout the City. Am. Compl. ¶¶ 30-31. Using radar and laser technology, Speed Cameras detect and record the speed and capture images of vehicles exceeding the given speed limit by more than ten (10) miles per hour. *Id*. ¶¶ 32-33. DOT's technician would then review the images to verify whether a Speed Limit violation has occurred and issue a certificate stating his or her conclusions ("Technician's Certificate"). *Id*. Once verified, the DOT would issue a Notice of Liability ("NOL") to the owner of the vehicle. *Id*. An operator of the Speed Camera is required to perform tests to ensure the

camera's accuracy and to maintain Camera Log Reports stating that the operator successfully performed the tests. *Id*. ¶¶ 5-6.

In March of 2017, Christopher Altieri, a resident of Staten Island and Councilman Steve Matteo demanded a refund of all fines collected for all alleged Speed Camera Violations on grounds that the NOLs issued by DOT failed to provide a Certificate Charging the Liability signed or affirmed by a technician in violation of Sections 1180-b(d) and 1180-b(g)(2) of the Vehicle and Traffic Law of the State of New York ("NYVTL").[1] *Id*. ¶¶ 99-100. Defendants denied the allegation, responding that the Certificate is "available to the motorist by request or at their court hearing." ¶¶ 100, 102. Defendants subsequently changed the NOL's heading from "Notice of Liability" to "Notice of Liability/Certificate Charging the Liability" but all other contents remained the same. *Id*. ¶¶ 104-05. Plaintiffs aver that, by merely changing the NOL's heading, Defendants issued invalid notices that violate the NYVTL and attempted to deceive the public to believe that the NOL document contains a valid Certificate Charging the Liability. *Id*. ¶ 108.[2] Additionally, Plaintiffs assert that the DOT failed to make signed and notarized Camera Log Reports available to the Plaintiffs and the public, in violation of NYVTL Section 1180-b(a)(3). *Id*. ¶¶ 52, 65, 78, 93-97.

<u>*Plaintiffs' Receipt of the Notices of Liability*</u>

On two occasions, November 29, 2017 and December 11, 2017, Plaintiff Muladzhanov received NOLs for allegedly driving at speeds in excess of the speed limit. *Id*. ¶¶ 42, 55.

---

[1] Under the NYVTL, "a notice of liability shall contain . . . the certificate charging the liability." NYVTL § 1180-b(g)(2). "A certificate, sworn to or affirmed by a technician employed by the city of New York . . . shall be prima facie evidence of the facts contained therein." *Id*. §1180-b(d).

[2] Plaintiffs argue that the NYVTL requires Defendants to include a signed and notarized Technician's Certificate in the Notice of Liability. Pls.' Opp. at 5 n.1. Defendants dispute the Plaintiffs position and argue that sending the "Notice of Liability/Certificate Charging the Liability" comports with the NYVTL's requirement, and that the actual Technician's Certificate need only be provided upon request. Defs.' Br. at 7, 13.

Similarly, on or about December 14, 2017, Plaintiff Schwartz received an NOL for allegedly driving in excess of the speed limit. *Id*. ¶ 68. Both Plaintiffs received NOLs which contained the heading, "Notice of Liability/Certificate Charging the Liability" and included images captured by the Speed Cameras but were sent without the Technician's Certificate. *Id*. ¶¶ 44, 57, 70. At that time, Plaintiffs did not suspect that the NOLs did not contain a valid Technician's Certificate because the heading "Notice of Liability/Certificate Charging the Liability" made the NOL appear to be a valid Certificate. *Id*. ¶¶ 45, 58, 71. Hence, Plaintiffs paid the fines imposed upon them, plus the postage fees. *Id*. ¶¶ 60, 74. Plaintiffs aver that they would not have pleaded guilty nor paid the fines, had they known that the NOL lacked a valid Technicians Certificate. *Id*. ¶¶ 43-46, 51-54, 64, 70, 77. Plaintiffs Muladzhanov and Schwartz timely served a verified Notice of Claim upon the City of New York on January 9, 2018 and April 4, 2018, respectively. *See* Klein Decl. in Opp. to Defs.' Mot. to Dismiss ("Klein Decl."), ECF No. 35, ¶ 2.

Plaintiff Pringle received an NOL on December 13, 2017, which contained the heading "Notice of Liability/Certificate Charging the Liability" but did not include a Technician's Certificate. *Id*. ¶¶ 81-85. Plaintiff Pringle retrieved a copy of the Technician's Certificate from the website provided in the NOL, and noted that the Certificate was dated but unsigned. *Id*. ¶¶ 84-85. Plaintiff Pringle contested the NOL on grounds that it "failed to contain a certificate charging the liability, signed to or affirmed by a technician employed by the City of New York." *Id*. ¶¶ 86. On January 12, 2018, the PVB ALJ(s) entered a guilty verdict against Plaintiff Pringle. *Id*. ¶¶ 87. On January 15, 2018, after paying the fine to avoid any interest or penalties, Plaintiff Pringle filed an administrative appeal at the PVB's Appeals Unit. *Id*. ¶¶ 88. On March 30, 2018, PVB's Appeals Unit affirmed the ALJ(s)'s guilty verdict, opining, "the certificate charging liability is contained in the upper left hand corner on the first page of the notice. We note that the

4

official copy of the technician's certificate is signed. We find no error of ALJ based on the record and we affirm." *Id*. ¶¶ 89-90. Plaintiff Pringle subsequently returned to the website to view the Technician's Certificate again. *Id*. ¶¶ 91. This time, he discovered that the Certificate had been replaced with one containing the technician's signature, although the date and time stamp remained the same as before and still lacked notarization. *Id*. ¶¶ 91-92. Plaintiff Pringle alleges that the DOT tampered with the certificate and back-dated the signature to cover up its common practice of leaving the Technician's Certificates unsigned. *Id*. ¶ 93-94. Plaintiff alleges that the Defendants engaged in a series of intentional misrepresentation and attempted to conceal their unlawful conduct, so as to avoid having to refund all of the fines collected on the Speed Camera NOLs.³ *Id*. at 109, 111, 117, 119. It is further alleged that the PVB ALJs turned a willful blind eye to Plaintiff's claims so as to insulate the Defendants from financial loss. *Id*. ¶¶ 111-120. Plaintiff Pringle served a verified Notice of Claim on the Defendant City of New York on or about June 12, 2018. *See* Klein Decl. ¶ 2.

## STANDARD OF REVIEW

Upon a motion to dismiss under Rule 12(b)(6), a court must determine whether a complaint states a legally cognizable claim by making allegations that, if proven, would show that the plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint successfully states a claim when there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

---

³ Between 2014-2016, the revenue obtained from the Speed Camera program amounts to more than $122 million. Am. Compl. ¶ 41.

5

There are "'[t]wo working principles'" that guide this analysis: "First, the court must accept all factual allegations as true and draw all reasonable inferences in favor of the non-moving party," and "'[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss,' and this determination is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Giambrone v. Meritplan Ins. Co.*, 2017 WL 2303980, at *3 (E.D.N.Y. Feb. 28, 2017) (quoting *Iqbal*, 556 U.S. at 678, 679), *adopted by*, 2017 WL 2303507 (E.D.N.Y. May 24, 2017). Although this Court is limited to facts as stated in the complaint, it may consider exhibits or documents incorporated by reference. *See Int'l Audiotext Network, Inc. v. AT&T*, 62 F.3d 69, 72 (2d Cir. 1995).

## DISCUSSION

Plaintiffs allege a panoply of violations under federal and state law: 42 U.S.C. § 1983 ("Section 1983 Claim") (Am. Compl. ¶¶ 170-82); Fourteenth Amendment Due Process Clause[4] ("Due Process claim") (¶¶ 183-195); Article 1, Section 6, of the New York State Constitution (¶¶ 196-208); Sections 1180-b(d), 1180-b(g)(2) and 1180-b(a)(3) of the Vehicle and Traffic Law of the State of New York ("NYVTL") (¶¶ 209-213); Fraudulent Concealment/Inducement (¶¶ 219-226); Negligent Misrepresentation (¶¶ 227-234); and Unjust Enrichment (¶¶ 235-241). For the reasons discussed below, this Court concludes that Plaintiffs' Due Process claims brought under 42 U.S.C. § 1983 have not satisfied the pleading standard.

### 1. Deprivation of Procedural Due Process Rights under Section 1983

---

[4] The complaint purports to raise two federal claims: one arising under § 1983 (Count I) (Am. Compl. ¶¶ 170-182) (articulating deprivation of procedural due process rights), and one arising under the Fourteenth Amendment (Count II) (*Id.* ¶¶ 183-195). "The court construes Plaintiffs' complaint as asserting a single federal claim under § 1983: that Defendants, acting under color of state law, violated Plaintiffs' right to procedural due process." *Stern v. City of N.Y.*, No. 17-CV-4973 (NGG) (JO), 2019 U.S. Dist. LEXIS 50518, at *8 n.1 (E.D.N.Y. Mar. 25, 2019) (internal citations omitted).

Under the umbrella of 42 U.S.C. §1983, Plaintiffs allege that Defendants deprived them of their right to procedural Due Process under the Fourteenth Amendment by sending NOLs that are invalid, thereby disabling them from meaningfully contesting their alleged violations and hindering their access to meaningful evidence (i.e. Technicians' Certificate). "In a § 1983 suit brought to enforce procedural due process rights, a court must determine (1) whether a property interest is implicated, and, if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citing *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002)). To determine what process is due, the court must balance the following three factors under *Mathews v. Eldridge*: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation . . . through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976).

To survive a motion to dismiss, Plaintiffs must "plausibly state a claim that the form of review afforded through the PVB administrative process, together with a state Article 78 proceeding, is inadequate for due process purposes." *Nestle Waters N. Am., Inc. v. City of N.Y.*, No. 15-cv-05189 (ALC), 2016 U.S. Dist. LEXIS 70694, at *19 (S.D.N.Y. May 25, 2016); *see* N.Y. C.P.L.R. § 7804 ("Article 78") (Consol. 2019). In reviewing the motion and the Complaint, this Court must consider the pre- and post- deprivation remedies under both the administrative and state judicial systems as a whole. *See Iwachiw v. N.Y. State DMV*, 299 F. Supp. 2d 117, 122-23 (E.D.N.Y. 2004); *Liotta v. Rent Guidelines Board*, 547 F. Supp. 800, 802 (S.D.N.Y. 1982) ("In considering whether [the] defendants have failed to afford [the] plaintiffs

due process … the Court evaluates the entire procedure, including the adequacy and availability of remedies under state law.")

A. Voluntary Waiver of Claims by Payment of Fines

As a preliminary matter, this Court first rejects the Defendants' argument that Plaintiffs waived their right to challenge the Speed Camera violations when they pleaded guilty and voluntarily paid their fines. *See* Defendants' Mem. of L. in Supp. Of Mot. to Dismiss ("Defs.' Br."), ECF No. 32, at 8-9. The voluntary payment doctrine does not relinquish Plaintiffs' right to bring a claim under Section 1983. *See Farina v. Metro. Transp. Auth.*, No. 18-CV-1433 (PKC), 2019 U.S. Dist. LEXIS 142408, at *32 (S.D.N.Y. Aug. 21, 2019) ("Defendants have not pointed to any authority applying the voluntary payment doctrine to a claim under section 1983 or any other federal law" and in any case, plaintiffs are "not required to preemptively plead facts refuting the voluntary payment doctrine.") (citing *Spagnola v. Chubb Corp.*, 574 F.3d 64, 73 (2d Cir. 2009)). Moreover, the common law voluntary payment doctrine only applies to "payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law." *Spiro v. Healthport Techs., LLC*, 73 F. Supp. 3d 259, 276 (S.D.N.Y. 2014). Here, since the Plaintiffs allege that they were induced to pay the fines due to Defendants' misrepresentation, the voluntary payment doctrine would not bar Plaintiffs' claims. *See* Am. Compl. ¶¶ 43-46, 69-72, 135, 139-144, 148, 153-155, 187; *see* Plaintiffs' Mem. of Law in Opp. to Defs.' Mot. to Dismiss ("Pls.' Opp."), ECF No. 33, at 14.

B. Due Process Claim raised by Plaintiffs Muladzhanov and Schwartz

Plaintiffs Muladzhanov and Schwartz allege that the Defendants' misrepresentation in the NOL's heading induced them to pay the fine and deprived them of their "opportunity to make an informed and meaningful decision as to pleading guilty or contesting their alleged violations."

Pls.' Opp. at 20; Am. Compl. ¶¶ 174-75. Yet, the disputed validity of the NOLs and the Defendants' alleged misrepresentations are issues governed by NYVTL § 1180-b *et seq.*, which sets forth the requirements regarding the Notices of Liability, Certificates Charging the Liability and other required records. Since Plaintiffs' procedural Due Process claim is essentially based on alleged state law violations, it cannot be maintained under Section 1983. *See Reed v. Medford Fire Dep't, Inc.*, 806 F. Supp. 2d 594, 607-08 (E.D.N.Y. 2011) ("The Second Circuit has held that a plaintiff cannot maintain a cause of action under Section 1983 when the alleged deprivation of due process is based on the violation of state law."); *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("[A] violation of state law is not cognizable under § 1983.").

Even though Plaintiffs allege that the violation of NYVTL resulted in a deprivation of their right to procedural due process (Am. Compl. ¶ 175), courts have not permitted state law claims to be morphed into Section 1983 claims, so long as adequate processes exist under state law. *See Reed*, 806 F. Supp. 2d at 607-08. For example, in *Reed*, the plaintiff invoked the procedural protections of the Due Process Clause claiming that the Defendants denied him the right to access certain records in violation of New York Freedom of Information Law ("FOIL") and thereby curtailed the plaintiff's ability to adequately defend himself. *See id*. The court in *Reed* held that such claim does not create a cause of action under Section 1983, rather, the proper "remedy [for a FOIL violation] is to seek review pursuant to Article 78[.]" *Id*. (collecting cases). Similarly, here, Plaintiffs' Due Process claim is essentially based on the Defendants' alleged violation of the NYVTL, and as such, the proper vehicle to seek relief would be through the procedures afforded under the NYVTL: administrative proceedings and state judicial review.

Plaintiffs further argue that the pre-deprivation procedures afforded under the NYVTL were effectively unavailable to them because they were induced to pay the fines rather than contest the

Speed Camera violations. Taking this as true, the Court must still consider whether the Plaintiffs were provided a reasonable opportunity to seek post-deprivation review in state court once they found out that their NOLs were sent without a Technician's Certificate. *See Iwachiw*, 299 F. Supp. 2d at 122-23 (noting that the court must consider the pre- and post- deprivation remedies under both the administrative and state judicial systems as a whole in reviewing a procedural due process claim); *Veit v. Barbaro*, 298 N.Y.S.2d 251, 253 (N.Y. Sup. Ct. 1969) (holding that a plaintiff may still proceed to state court without exhausting administrative remedies if those remedies would be futile). Plaintiffs' Amended Complaint and their accompanying exhibits make clear that the post-deprivation remedies were available to Plaintiffs by means of state judicial review. Pertinently, Plaintiffs declared that they had timely served a verified Notice of Claim upon the City, thus, they had the opportunity to bring a judicial action in state court. *See* Klein Decl. ¶ 2. Moreover, in cases, as here, where the issue turns on the interpretation of state law, state courts exercise broad discretion to review an administrative agency's decision without owing deference to the agency. *Nestle Waters*, 2016 U.S. Dist. LEXIS 70694 at *25 ("In reviewing agency actions where the issue is one of pure statutory interpretation" state courts have broad discretion."). Therefore, the post-deprivations remedies would have provided an adequate opportunity for Plaintiffs to challenge the Defendants' conduct. *See id.* ("Under *Mathews*, the district court should consider the timing and scope of review available to the Plaintiffs.").

Since post-deprivation remedies were available at the state level, Plaintiffs' due process claim would fail unless they factually allege that the state's procedural remedies were unreasonable. *See c.f. Liotta*, 547 F. Supp. at 803 ("there is no denial of due process if the state provides reasonable remedies"). Yet, the Amended Complaint does not state any facts

challenging the procedural adequacy of the state post-deprivation judicial review. Instead, Plaintiffs devote many pages of their brief arguing that they were not required to exhaust state remedies prior to bringing the Section 1983 claim. However, the issue of exhaustion is analytically distinct from satisfying the pleading requirement to state a due process claim. Even if Plaintiffs "may not be required to exhaust state remedies . . . Plaintiffs must still sufficiently state a claim to survive a motion to dismiss." *Rothenberg v. Daus*, 481 F. App'x 667, 676 (2d Cir. 2012) (internal citations omitted). The absence of any fact in the Amended Complaint alleging that the state judicial review falls short of the constitutional Due Process guarantee compels dismissal of the Section 1983 claim brought by Plaintiffs Muladzhanov and Schwartz.

C. Due Process Claim raised by Plaintiff Pringle

Plaintiff Pringle also raises a claim under Section 1983 on the basis that the Defendants violated his constitutional right to procedural Due Process. Plaintiff Pringle alleges that he contested the NOL through the PVB's administrative proceeding, but the PVB ALJs "(1) disregarded NYVTL Section 1180-b(d); (2) disregarded the New York Civil Practice Law and Rules; (3) permitted the tampering of evidence whereby the issued Technician's Certificates were not signed at the time they were issued; (4) deprived Plaintiffs and Class members of the meaningful opportunity to face their accuser; and (5) disregarded Defendants' failure to meet their burden of establishing Plaintiffs' and Class members' prima facie guilt as to the alleged Speed Camera Violations." Am. Compl. ¶¶ 124, 125, 177. Plaintiff Pringle further alleges that the PVB ALJs conducted "sham" proceedings in order to "insulate Defendants from having to refund" the revenue they obtained. *Id.* ¶ 177. This Court finds that Plaintiff Pringle's Section 1983 claim is insufficiently pleaded for the following reasons.

First, Plaintiff Pringle's claim is predicated on the assumption that the PVB ALJs lost sight of impartiality because the City's financial interests were at stake. A due process claim based on nearly identical allegations was previously rejected by a sister district court in *Jaouad v. City of N.Y.*, 39 F. Supp. 2d 383, 384-85 (S.D.N.Y. 1999). There, the plaintiffs alleged that the City enforced legally invalid traffic tickets and that the PVB ALJs made biased decisions in favor of the City because refunding the tickets would result in the loss of a substantial portion of the City's revenue. *See id*. The Court in *Jaouad* deemed these allegations to be "too broad-based and vague on which to base a procedural due process claim," and held that allegations of bias asserted against public officials requires a certain level of specificity and substantiation. *Id*. at 389.

Similarly, in *C.A.U.T.I.O.N., Ltd. v. City of N.Y.*, 898 F. Supp. 1065, 1074-75 (S.D.N.Y. 1995), the court recognized that non-specific allegations of ALJ bias would be insufficient to survive a motion to dismiss. There, the complaint alleged that PVB ALJs were said to "routinely sustain tickets in the face of overwhelming evidence favoring the respondent, systematically to refuse request to subpoena the enforcement officers who issued tickets in question, and to ignore the requirement of substantial credible evidence." *Id*. The court opined, "[i]f this [allegation] were the entirety of Count III [due Process claim], it would be insufficient." *Id*. The court then focused on additional facts in the complaint specifically alleging that the PVB hearing examiners were "instructed" or "pressured" by the City of New York to "misuse their power for the purpose of raising revenue" and held that such allegations would to state a claim for deprivation of due process. *Id*. Save these specific allegations, the *C.A.U.T.I.O.N.* court would not have allowed the plaintiffs' Due Process claim to proceed. *See id*.

This Court finds the above-mentioned precedents instructive. The allegation made here — that PVB ALJs made biased decisions so as to prevent the City's financial loss — is as broad-based as the allegations that were rejected by the courts in *Jauoad* and *C.A.U.T.I.O.N. See id.*; *Jaouad*, 39 F. Supp. 2d at 384-85; Am. Compl. ¶¶ 124, 125, 177. The PVB enforces a wide range of traffic regulations which frequently result in the issuance of tickets and collection of fines. Hence, it would not be unusual that, when a PVB ALJ reviews claims contesting the agency's enforcement and seeking refund of fines, the City's financial interests are at stake. If we were to assume — as the Plaintiffs urge us to do — that PVB ALJs are biased each time this happens, we would be undermining the impartiality of the ALJs as a whole, based on nothing more than a general assumption. Therefore, Plaintiffs' Section 1983 claim is insufficiently pleaded.

Second, assuming *arguendo* that the PVB ALJs erred in their decision, Plaintiff would have been able to challenge the ALJ's decision through state judicial review. While the existence of a post-deprivation review does not *ipso facto* satisfy the due process guarantee (*Hellenic Am. Neighborhood Action Comm. v. City of New York,* 101 F.3d 877, 880 (2d Cir. 1996)), the Court has recognized that Article 78 proceedings adequately serve as a "backstop against the kinds of erroneous determinations alleged by [p]laintiff" and "allow for unfettered review of alleged errors in statutory interpretation." *Nestle Waters*, 2016 U.S. Dist. LEXIS 70694 at *30-31; *see also Yu Juan Sheng v. City of N.Y.*, No. CV-05-1118 (RRM) (VVP), 2009 U.S. Dist. LEXIS 129813, at *16-19 (E.D.N.Y. June 26, 2009) (citing cases where individuals have successfully challenged traffic tickets through Article 78 proceedings); *Locurto v. Safir*, 264 F.3d 154, 175 (2d Cir. 2001) ("An Article 78 proceeding therefore constitutes a wholly adequate post-deprivation hearing for due process purposes."). Due process does not require ALJ decisions to

be uniform and correct at all times; what it requires is that Plaintiffs are afforded review of final ALJ decisions. *See Liotta*, 547 F. Supp. at 802 ("If due process were denied every time an agency official made a decision under questionable circumstances, any losing party to the decision could attack it indirectly by suing the agency under § 1983 . . . [r]ather, . . . the Court evaluates the entire procedure, including the adequacy and availability of remedies under state law.).

Here, Plaintiff appears to argue that, even if the Article 78 review was available, the "quality" of the process systemically deprived the Plaintiff of his Due Process right. See Pls.' Opp. 20-21. Yet, the Complaint fails to present any factual basis to support its argument that the Article 78 review would have been inadequate. *See Nestle Waters*, 2016 U.S. Dist. LEXIS 70694 at *20 (holding that the Article 78 proceedings have been effective in minimizing the type of error that occurred in the administrative level decisions where parking ticket violations were contested, even though the alleged deprivations occurred in the context of established state procedures). In fact, Plaintiffs' brief cites to several cases in which individual plaintiffs successfully overturned PVB ALJs' decisions by seeking judicial review through an Article 78 proceeding. *See* Pls.' Opp. 16-17 (citing *People v. Perez-Klein*, 54 Misc. 3d 139(A) (2d Dep't 2017), *People v. Eisenstadt*, 48 Misc. 3d 56, 58 (2d Dep't 2015), and *Jensen* v. *New York City Department of Finance*, 60 Misc. 3d 513, 514 (Sup. Ct. N.Y. Cnty. 2018)). In like manner, here, the state judicial review process through an Article 78 proceeding was available to Plaintiffs as an adequate post-deprivation remedy, and no factual allegation to the contrary can be found in the Amended Complaint. Accordingly, this Court finds that Plaintiff Pringle's Section 1983 claim is insufficiently pled.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED as to the Plaintiffs' Section 1983 claim. This Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *See Carlsbad Tech., Inc. v. HIF Bio, Inc*., 556 U.S. 635, 639-40 (2009) (holding that whether to exercise supplemental jurisdiction over pendant state law claims after dismissing the federal claims in an action is left entirely to the discretion of the District Court.). Therefore, Plaintiffs' Amended Complaint is DISMISSED in its entirety WITHOUT PREJUDICE.

**SO ORDERED.**

                                            /s/
                                    Steven L. Tiscione
                                    United States Magistrate Judge
                                    Eastern District of New York

Dated: Brooklyn, New York
         March 16, 2020